WILLIAM A. LANE v. STATE.

It is extortion under the statute for a justice of the peace to demand or ask for his fees from the prosecutor for the issuing of his warrant on a criminal complaint, the said justice knowing that such demand was illegal.

On error to the Quarter Sessions of the county of Hudson.

Argued at June Term, 1885, before BEASLEY, CHIEF JUSTICE, and Justices DIXON and MAGIE.

For the plaintiff in error, *R. B. Seymour* and *W. T. Hoffman*.

*Contra, E. T. Paxton,* Assistant Prosecutor of Hudson.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The defendant was indicted for extortion in demanding a certain sum of money as his fee from the prosecutor for issuing his warrant as a justice of the peace in a criminal complaint.

At the trial of the case, no question was made as to the fact of the prosecutor having paid the fees in question to the justice for issuing the warrant on the complaint, and the judge instructed the jury that in addition to this they must be satisfied, from the evidence, that such fees were demanded by the justice, and that at the time of making such demand he knew that he was making an illegal demand.

The first exception taken to the trial is that the defendant was not an officer embraced in the section of the statute which denounces the penalty for extortion. The section referred to is the twenty-third section of the Crimes act. But the language of the clause seems clear on this head. Its *descriptio personarum* is, "No judge, justice, sheriff, constable, jailer or other officer of this state, ministerial or judicial," &c. If the designation "justice" does not with sufficient distinctness indicate a justice of the peace, as he is a judicial officer of the state, he is certainly embraced under the general description, which is so comprehensive that no official of the state can claim to stand outside of its circumscription.

There appears to be no force in this exception.

The next exception is that the judge erred in omitting to hold that the only demand of fees which will render, under the statute, a justice liable to criminal prosecution, is a demand made under a threat not to take the complaint unless the fees are first paid.

There appears to be no warrant whatever for such a contention. The act says (*Rev.*, p. 565, pl. 139,) "that no fees be demanded from parties applying to justices or constables for their services, but shall be paid out of the funds of the county in which such services were rendered, provided the presiding judge of the Court of Oyer and Terminer shall approve of such payment." The prohibition is against demanding fees

on the part of the justice.   There is, neither by expression nor by implication, anything to show that to such demand there must be annexed the alternative that unless the money is paid the complaint will not be entertained.

The law, as it was expounded to the jury at the trial, was to this effect: that prior to the act of 1871, in which is to be found the clause just cited, the justice was not authorized to receive or take fees for his services, even if the same were voluntarily proffered by the prosecutor; but that by the act just cited this rule of law was modified, and this officer was enjoined not to demand such fees, but that he might take them if they were tendered to him without the asking on his part. This view rested on construction derived from a consideration of the above-cited clause, forbidding the justice to make demand of his fees, in connection with section 3 of the same statute, which, after prescribing that the justice shall certify his bills of costs, and which, after having been approved of in an appointed manner, are to be paid to the justice, then provides in the language following: "And said justice shall refund to the complainant so much of the said costs as shall have been paid by complainant to said justice."   The elements of the problem were a prohibition against demanding the fees, and a recognition of such fees having been received in some cases by the justice, in which event a repayment was ordered, and the solution of the judge at the trial was that the justice could not demand such moneys but was at liberty to take them if, without his request, they were offered to him.   No other possible resolution of the question is perceived.   The law on that head was rightly propounded to the jury.

The next objection is that the defendant could not be guilty of extortion, as he did not take from the prosecutor a greater sum than the law gave him for his services.   But this position is not well founded with respect to the fact which it assumes.   There were no fees due to the justice at the time he took them unless the same were voluntarily paid by the prosecutor; for in the event of no such payment being made, such fees did not become due to the justice until the presiding judge

of the Oyer and Terminer had approved of such payment. The consequence therefore plainly is, if this officer got this money by an illegal demand, " he took," in the language of the criminal law in its definition of the crime of extortion, as cited in the brief of the counsel of the plaintiff in error, " money, &c., that was not due to him, &c., or before it was due to him."

The other exceptions have been examined, but none of them appear to the court to possess that degree of solidity that renders it necessary to criticise them in detail. They are all overruled.

Let the judgment be affirmed.