## TURNER v. BLOUNT.

EXTORTION: *Not excused by failure to charge lawful fees..*

    In an action against a County Surveyor to recover the amount of a fee illegally charged and the penalty for extortion, under the statute (*Mansf. Dig., sec. 3295*), which provides that "if any officer shall charge, demand, or receive any more or greater fees for his services, than are allowed by law," he "shall forfeit to the party injured, or against whom the same may be charged, the amount of fees illegally charged, and five dollars for each item illegally demanded," the answer of the defendant confessed the illegal charge, but set up in avoidance, that he omitted from his account items which he could lawfully have charged, and which amounted to more than the illegal fee charged ; and that before the action was commenced he tendered to the plaintiff the amount of the overcharge. *Held:* That the answer set up no bar to a recovery.

APPEAL from *Phillips* Circuit Court.

M. T. SANDERS, Judge.

*Jas. P. Clarke* for appellant.

No fee for "marking corners" is allowed a County Surveyor by law, and appellee is liable under *secs. 3256, 1760 et seq., Mansf. Dig.* The fact that there were other fees which he might, but did not, charge, cuts no figure in the case. If he performed services other than those charged for, appellant still owes him for them, or he has waived them. The statute makes it unlawful to charge fees not allowed by law, and when this is established, the penalty attaches.

Nor does the offer to return or refund condone the unlawful act. An officer when detected in extortion, cannot by offering to return the amount illegally exacted, avoid prosecution for the penalty. The moment he charges and receives illegal fees, the penalty attaches.

*John C. Palmer* for appellee.

This being an action in the nature of a criminal proceeding to recover a forfeiture and penalty, the intent with which the improper charge was made must be considered. The whole case shows there was no criminal intent, and that appellee did not even charge all he was entitled to. He did not charge a greater sum than he was entitled to, but merely an erroneous charge. He may have violated the letter, but certainly not the spirit of the law.

Smith, J. The complaint alleged that the defendant was the County Surveyor of Phillips county and that the plaintiff had employed him to establish the division line between two estates; that the defendant charged, demanded and received five dollars per diem for two and a half days during which he was engaged in making said survey and the further sum of six dollars for marking twelve corners; that the last mentioned

charge was an unlawful one, and judgment was prayed for its recovery and also for the statutory penalty of five dollars for extortion.

The answer confesses that the defendant did charge and take the six dollars for corners and that he was not entitled to the same; but sets up in avoidance that he omitted from his account mileage and other items, which he could lawfully have charged, and which, if charged, would have exceeded six dollars. It also alleged that, before the commencement of this action, the defendant had tendered to the plaintiff the amount so overcharged, which had been refused.

To this answer a demurrer was interposed and overruled; and the plaintiff electing to stand upon his demurrer, his complaint was dismissed.

County Surveyors are public officers and the services for which they may demand and receive compensation and the amount of such compensation are fixed by law. And it is enacted that "if any officer shall charge, demand or receive any more or greater fees for his services than are allowed by law" * * * * he "shall forfeit to the party injured or against whom the same may be charged, the amount of fees illegally charged, and five dollars for each item illegally demanded." *Mansf. Dig., sec. 3295.*

The statute is directed against wrongful charges under color of official authority. And it would defeat its object to permit an officer, when he is detected in an act of extortion, to excuse himself by showing that his bill would have amounted to as much or more, if he had included certain other legitimate fees to which he was entitled. Officers' fees are prescribed by statute to the end that both the officer and the citizen may readily ascertain what compensation is due for official services. And the officer must govern himself in his charges by the schedule of fees; he cannot substitute other charges, for which no provision is made, though they may be less in amount. If

the defendant failed to charge mileage and other fees which the law allowed him, he either waived his right to such fees, or the plaintiff still owes them to him. But neither of these considerations can affect the right to recover in this action.

Likewise an offer of restitution of the sum illegally charged has no effect in shielding the officer from an action to recover it and the penalty.

The answer sets up no bar to a recovery. The judgment is accordingly reversed and cause remanded with directions to sustain the demurrer.