## Daniel Carr
### v.
## Thomas Trainor et al.

*Injunctions—Annulment of Judgment after Rendition—Execution—Justice—Mistake of Law.*

1.  A justice of the peace can not annul a judgment after its rendition by him.

2.  Equity will not relieve on account of mistakes at law, where the facts are, or by the exercise of due diligence might have been known.

3.  Ignorance of law will not excuse any person either for a breach or omission of duty.

[Opinion filed May 25, 1889.]

Appeal from the Circuit Court of La Salle County; the Hon. George W. Stipp, Judge, presiding.

Messrs. Duncan, O'Conor & Gilbert, for appellant.

Messrs. Samuel Richolson and William L. Seeley, for appellees.

Lacey, P. J.  Appellant commenced his bill in equity in the Circuit Court, which alleges that appellee Thomas Trainor commenced suit before A. A. Fisher, a justice of the peace, against appellant, on December 4, 1886, returnable December 15, 1886; that on the morning of December 15th appellant came to Ottawa to defend said suit, and was informed by said Fisher that the same had been dismissed.  It further alleges that twenty days after said December 15th appellant heard it rumored that a judgment had been obtained against him in said suit, and that he, on the following day, called on said Fisher to ascertain if said rumors had any foundation; that said Fisher informed appellant that he had made a mistake and had confounded two suits, and had misinformed appellant on the 15th of December, and that in consequence

of said mistake he would annul the judgment; that Fisher then and there entered upon his docket, under the said judgment, the following: "Above suit dismissed without costs, there having been a mistake in the parties by the court." It further alleges that subsequent to the last visit of appellant to Fisher, Fisher wrote him a letter, saying that said judgment was entered by mistake, and that the same had by him been set aside.

That appellant did not read the docket of said Fisher, nor did he know the contents of the record in said case, and the contents of the said record came to appellant within ten days of the filing of this bill; that relying on the statements of said Fisher, appellant paid no further attention to said suit, supposing it was dismissed; that Fisher, during his life, did not issue any execution on said judgment; that he died in the year 1887; that his docket passed into the hands of C. E. Tryon, who, on December 1, 1887, issued an execution thereon, directed to appellee Curtis as constable, who levied upon two mares belonging to appellant, and now has possession thereof, and threatens to sell the same; that appellant was not at the time of the commencement of said suit, nor is he now indebted to said Trainor in any sum; that said Trainor had no cause of action against appellant; that but for the mistake of said Fisher, he would have appeared before said Fisher on said 15th day of December, 1886, and made full defense to said suit.

Upon motion of appellees the injunction was dissolved and the bill was dismissed at appellant's costs, from which decree this appeal is taken, and the dissolving of said injunction and the dismissal of the said bill is assigned for error.

In the first place, the appellant was informed that the suit against him was dismissed, and for this reason he made no defense to the action. In this information imparted to him by the justice, the latter was mistaken, for he had rendered judgment against appellant.

The appellant in about twenty days discovered the mistake, but instead of taking an appeal in the regular way, or by *certiorari* if the twenty days allowed by law for appeals had

elapsed before he ascertained the fact that the justice had so rendered the judgment, he took the advice of the justice, impliedly that the justice, notwithstanding the judgment had been rendered against him on the 15th December, he—the justice—could lawfully annul it, and this the justice did actually attempt to do. The justice had no legal right to annul the judgment after having rendered it, and this the appellant knew or might have known as well as the justice. The justice, it appears, was as honestly mistaken in the law regarding his powers as the appellant. It is a well settled rule of law in this country that equity will not relieve on account of mistakes at law where the facts are known or by due diligence might have been known. In Hinrichsen v. Van Winkle et al., 27 Ill. 337, the court say that "a party can not ask for relief in equity on the ground that he has failed or omitted to make a legal defense at law, and this rule is absolutely inflexible and can not be violated, even when the judgment in question is manifestly wrong in law and in fact, or when the effect of allowing it to stand will be to compel the payment of a debt which the defendant does not owe or which he owes to a third party, unless it shall appear that it was obtained by fraud or was the result of accident or mistake." See to the same effect, Sanger et al. v. Fincher, Adm'r, 27 Ill. 346; Abrams v. Camp, 3 Scam. 291; Bank v. Stanton, 2 Gilm. 352; Moore et al. v. Bagley et al., Breese, 94.

"It is a well known maxim that ignorance of law will not furnish an excuse for any person either for a breach or omission of duty." Story's Equity Jur., Sec. 111, 137, 138.

There being no grounds for equity relief in this case the decree of the Circuit Court is affirmed.

*Decree affirmed.*