H. C. LYDICK ET AL. V. JOHN PALMQUIST.

[FILED JANUARY 27, 1891.]

1. **Illegal Fees**: WHERE A CLERK OF THE DISTRICT COURT takes fees, in excess of that limited by law, he is liable to the party injured for the penalty provided by section 34, chapter 28, Compiled Statutes.

2. ————: JOINDER OF CAUSES. . The receipt by such officers of several items of illegal fees from the same person as one transaction constitutes but one cause of action.

ERROR to the district court for Burt county. Tried below before DOANE, J.

*H. Wade Gillis*, for plaintiffs in error.

*Charles T. Dickenson, contra.*

NORVAL, J.

This action is brought to recover the penalty imposed for taking of illegal fees by section 34, chapter 28, Compiled Statutes. A jury being waived, the cause was tried to the court, with judgment for the defendants. The plaintiffs prosecute a petition in error, alleging that the judgment is not supported by the evidence.

The testimony shows that the defendant was clerk of the district court of Burt county, and that the plaintiffs prosecuted two suits before the district court of that county, in one of which S. Bascom was defendant, and in the other Henry D. Whitewater was defendant. These suits were finally determined in said court, and the plaintiffs paid to the defendant Palmquist, as clerk of the district court, all the costs taxed therein. Palmquist taxed as costs in the Bascom case fifty cents for impaneling a jury, and in the Whitewater case he charged fifty cents for a certificate and

seal, and fifty cents for entering an order of discontinuance.

Section 3 of the chapter entitled "Fees" authorizes a clerk of the district court to charge twenty-five cents for impaneling a jury, twenty-five cents for a certificate and seal, and a like sum for entering an order of discontinuance. It is obvious that the defendant collected from the plaintiffs fees in excess of that authorized by law.

Section 34, under which this suit is brought, provides that "If any officer whatever, whose fees are herein expressed and limited, shall take greater fees than are so hereinabove limited and expressed, for any services to be done by him in his office, or if any such officer shall charge or demand and take any of the fees hereinbefore ascertained and limited, where the business for such fees are chargeable, shall not be actually done and performed, such officer shall forfeit and pay to the party injured fifty dollars, to be recovered as debts of the same amount are recoverable by law."

The defendant having charged greater fees than that fixed by statute for the services rendered by him, he is liable to the penalty prescribed in the section above referred to.    The evident purpose of the legislature in enacting such a statute was to prevent public officers from taking or exacting illegal fees.    The law is a wholesome one and it is the duty of courts to impose the penalty therein provided, when it is proven that a public officer has violated its provisions.

The testimony shows that three items of illegal fees were paid to the defendant in one sum and included in the same receipt.    Under the holding of this court in *Phœnix Ins. Co. v. Bohman*, 28 Neb., 251, the plaintiffs are entitled to recover only the sum of fifty dollars, as the overcharge was but one transaction.

There is another matter appearing upon the face of the record in this case that we desire to call attention to. . The

clerk of the district court in preparing the transcript for this court attached a separate certificate and seal to each paper and journal entry of which he made a copy and then at the end of the transcript makes a general certificate which includes the same matters covered by the other certificates. He has appended six certificates and seals where one would have answered all purposes. The purpose doubtless was to increase his fees. This we cannot allow. The bill for one certificate will be taxed as costs in this case.

There being no evidence to sustain the judgment of the district court it is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.