## GARVIN v. GLISSON.

## (*Jackson.* April 28, 1891.)

1. OFFICER. *Compensation for unofficial work.*

It is lawful for an officer to demand and receive, for his services rendered otherwise than in the discharge of his prescribed official duties, such compensation as may be agreed upon between the parties, although it may exceed the fees ordinarily allowed by law for like services when rendered in the performance of official duty. The statute prohibiting officers to demand or receive "any other or higher fees than are prescribed by law" has no application to such case.

Code construed: §5270 (M. & V.); §4518 (T. & S.).

2. SAME. *Same. Case in judgment.*

The Chairman of the Board of Commissioners of Registration furnished to a candidate for office a list of the registered voters, and demanded and received compensation for that service. The compensation was paid under protest. Commissioners of Registration are not required to furnish, in the performance of official duty, any list of voters to candidates. No fee is prescribed by law for such service. The candidate sued the Chairman of the Board for the penalty imposed by statute upon officers who demand or receive "other or higher fees than are prescribed by law."

*Held:* The Chairman received the compensation lawfully, and is not subject to the penalty.

Act construed: Acts 1889, Ch. 207.

### FROM SHELBY.

Appeal in error from the Circuit Court of Shelby County. L. H. ESTES, J.

Garvin v. Glisson.

GANTT & PATTERSON for Garvin.

A. H. DOUGLASS and W. B. GLISSON for Glisson.

LEA, J.    The plaintiff in error was Chairman of the Board of Registration Commissioners of Shelby County, and the defendant in error, W. B. Glisson, who was a candidate for office, requested of Garvin a copy or list of the registered voters of the city of Memphis, there being ten wards in the city. The copy was furnished, and the price charged was paid under protest, the defendant in error thinking it more than was proper or allowable by law.

Afterward ten suits were brought against Garvin to recover so much of the amount paid as was thought to be unlawful. Ten several judgments were. rendered against him by a Justice of the Peace, and these have been paid. Thereupon, these ten suits were brought against him for the penalty of fifty dollars, under § 4518 of the Code. This section provides: "If any officer demands or receives any other or higher fees than are prescribed by law, he is liable to the party aggrieved in the penalty of, fifty dollars, to be recovered before any Justice of the Peace, and is also guilty of a misdemeanor in office."

These suits were brought before a Justice of the Peace, appealed to the Circuit Court, and, being upon the non-jury docket, the Circuit Judge

heard the cases, and rendered judgment for the penalty, and Garvin has appealed.

The Act to provide for the registration of voters, approved April 4, 1889, Chap. 207, provides that a board of three commissioners shall be appointed by the Governor for each county where registration is required under the Act. Said Commissioners shall serve without compensation, and shall take an oath to faithfully and honestly discharge the duties of their office, and, after organization, shall appoint, ninety days prior to every general, county, or municipal election, two Registrars of voters for each voting precinct, and, if in a city, for each ward. They are empowered to furnish books and stationery for the Registrars; and in case the Registrars disagree in issuing a certificate to any voter, the Commissioners shall indorse in the certificate "Approved" or "Disapproved." In case of the temporary absence of a Registrar, he may select some one in his stead, or, on failure, the Board of Commissioners may designate some one to act. After the registration is closed, the Registrars shall keep the books open for public inspection for five days; and when they have made any clerical corrections, and verified by affidavit the correctness of their registration, the book or books shall be turned over by the Registrars to the Commissioners for safe-keeping.

And, finally, it is provided "that said Registrars provided for in this Act shall furnish a certified copy of the list of voters registered by them in

their respective wards or districts, and for each voting precinct therein, said certified copy to be signed by both of said Registrars, and delivered, with the books of registration, to the County Commissioners, who shall furnish said certified copy of the list of voters to judges holding the elections under the provisions of this Act, at each voting precinct in said ward or district, to be used by said judges on election day to determine who may be entitled to vote under the provisions of the law; and said Registrars shall be entitled to fifty cents each for said certified copy of the list of voters."

From an examination of the Act, it appears that the Commissioners receive no compensation and have no duties to perform other than those above enumerated. The statute fixes no fee which the commissioners are to charge for any service, nor does it impose any duty upon them to furnish any certified list of voters to candidates or any one else. The only certified list of registered voters required to be furnished is required of the Registrars, who shall furnish the list to the Commissioners, who will forward the same to the judges of the election. For such certified copies the Registrars shall receive, each, fifty cents. If they had charged a higher price, they would have been guilty of a violation of the statute; but no fee being fixed by law for the Commissioners, when the defendant in error applied to the plaintiff in error for a copy of the registered voters, the fur-

Garvin *v.* Glisson.

nishing of the copy, and the price to be paid therefor, were subjects of contract, not regulated by law. The section of the Code imposing the penalty is only applicable where fees are fixed by law. Where an officer charges or demands any other or higher fee, or charges other compensation than such as is fixed by law, then he is guilty of extortion, and is liable to the penalty imposed by the statute.

We hold, therefore, that the judgments of the Circuit Court Judge against plaintiff in error are erroneous, and judgment here will be rendered for plaintiff in error against the defendant in error for all costs.