PEOPLE OF THE TERRITORY OF UTAH, RESPOND-
ENT, v. JAMES T. MONK, APPELLANT.

CRIMINAL LAW.—EXTORTION.—DISTRICT LAWS.—MINING RECORDER.
—Where the statute of the Territory fixes the fees to be allowed
mining recorders, and the by-laws of the mining district fix
the fees at a larger amount, under the congressional enactment,
section 2324 Rev. Stat., which provides: "The miners of each
mining district may make regulations not in conflict with the
laws of the United States, or the law of the state or territory
in which the mining district is situated, governing the location
and manner of recording," the territorial statute must govern.

ID.— MINING RECORDER.— IGNORANCE OF LAW.—Where a mining
recorder is indicted for charging illegal fees, it is no defense
to the indictment that he honestly believed the law to be that
he could charge fees under the by-laws of the mining district.

APPEAL from a judgment of conviction of the district
court of the third district. The opinion states the facts.

*Mr. Arthur Brown,* for the appellant.

*Mr. Charles S. Varian,* U. S. Attorney, for the re-
spondent.

MINER, J.:

The defendant in this case was convicted on an indict-
ment found under § 2796, Comp. Laws 1888, for a misde-
meanor in demanding and receiving illegal fees for record-
ing a mining location as recorder for the Big Cottonwood
mining district. By the custom and local laws of this
mining district, adopted by the miners, the fee for record-
ing a mining location claim was fixed at three dollars.
The defendant, believing he had a right to demand and

receive three dollars for such services under the law, as he understood it, demanded that sum, and received it under protest of the party paying it. Under the laws of Congress reported in Comp. Laws Utah 1888, p. 199, "the miners of each mining district may make regulations not in conflict with the laws of the United States, or the law of the state or territory in which the mining district is situated, governing the location and manner of recording," etc. Under § 2796, Comp. Laws 1888, "mining recorders are allowed the same fees for recording and making copies of records in their custody as are allowed by law for the services to county recorders; * * * and for receiving larger fees for such services than those herein provided such mining recorder shall be deemed guilty of a misdemeanor, and, upon conviction, be subject to the penalties" provided for in § 5453, Id. Under § 5442 of the same act the county recorder's fees for the services performed by the defendant would be seventy-five cents. Under this state of facts, together with some others, not considered material to this discussion, the learned counsel for the defendant claims that the defendant received the payment of the three-dollars fee, believing at the time that he had the legal right to charge and receive it; and that, consequently, he would not be criminally liable, "even though the fee demanded was in excess of that allowed by law." That, because of defendant's good faith and honest belief in his right to charge the fee, no criminal intent existed in his mind, and without this criminal intent he could not be guilty of the offense charged. To sustain this view, we are cited to 2 Comp. Laws, § 4383, *Faulks* v. *People*, 39 Mich. 200; *Birney* v. *State*, 8 Ohio, 230; *Cutter* v. *State*, 36 N. J. Law, 125. Some of the authorities seem to sustain this view, but upon a careful analysis it will be found that the rule contended for applies largely to cases where the party has been honestly acting upon a supposed state of facts that did not really exist. A distinction should be made

when the act sought to be punished arises from a mistake of fact, rather than from a mistake of law. "One who, while careful and circumspect, is led into a mistake of fact, and doing what would be in no way reprehensible were they what he supposed them to be, commits what, under the real facts, is a violation of a criminal statute, is guilty of no crime." In such a case a criminal mind and intent is wanting. Bish. St. Const. § 132. And, according to most of the authorities, a mistake of fact is quite different in its effects and consequences, both civil and criminal, from ignorance or mistake of law; hence the rule that "ignorance or mistake in point of fact is in nearly all cases of supposed offenses a sufficient excuse." 1 Bish. Crim. Law (7th Ed.), § 301; 2 Bish. Crim. Law (7th Ed.), § 400. But this rule is held not to apply to a mistake or ignorance of the law, for in general every person is presumed to know the law of the country in which he lives. "And in no case can one enter a court of justice, to which he has been summoned in either a civil or criminal proceeding, with the sole and naked defense that when he did the thing complained of he did not know of the existence of the law which he violated," nor that he believed the law to be different from what it really was, nor even if he was misled by the advice of counsel. 1 Bish. Crim. Law, § 209; *Com.* v. *Bagley,* 7 Pick. 281. Indeed, the strongest authorities cited by the learned counsel hold that, where the law which has been infringed upon was settled and plain, this maxim may be applied with vigor. In this case the statute plainly fixes the legal fee. Nothing is left to surmise or uncertainty. The miners of this mining district had no right to make rules contrary to the laws of the United States or of this Territory, and the defendant was bound to know what the law was. To hold that each person called to account for a violation of a penal statute has the legal right to place his own construction upon the meaning of such statute, and claim immunity from pun-

ishment for its violation because some usage or custom has grown up in violation of the statute which he believed to be law, would, in effect, nullify and render nugatory many of the criminal statutes of the Territory, and render each person who has violated the law the sole judge of his own guilt. 2 Bish. Crim. Law, § 399; *Reynolds* v. *U. S.,* 98 U. S. 167; *Davis* v. *Com.,* 13 Bush, 318; *U. S.* v. *Carr,* 3 Sawy. 479; *State* v. *Goodenow,* 65 Me. 30; *Com.* v. *Mash,* 7 Metc. (Mass.) 472; *Lincoln* v. *Shaw,* 17 Mass. 410; *People* v. *Calhoun,* 3 Wend. 420. There is nothing in this case to bring it within any exception referred to by the appellant's counsel, or in *Cutter* v. *State,* 36 N. J. Law, 125. In that case the defendant was a judicial officer. Under all the circumstances of this case we must hold the conviction proper. The court very properly considered the mitigating circumstances shown in the case in fixing the amount of punishment. The judgment and sentence of the third district court is affirmed.

ANDERSON, J., and BLACKBURN, J., concurred.