### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## EASTERN DIVISION.

---

## KNOXVILLE, SEPTEMBER TERM, 1915.

---

## B. F. MARR *v.* FRANK MURPHY.

### (*Knoxville.* September Term, 1915.)

1. **EXTORTION. Official fees. Penalties.**

Under Shannon's Code, secs. 6352, 6353, prohibiting officers from demanding or receiving fees other than expressly provided by law, and declaring that, if an officer demands or receives any other or higher fee than prescribed, he shall be liable for a penalty, an officer who receives a fee to which he is not entitled is liable to a penalty, though the fee was voluntarily paid; this being particularly true in view of section 6714, governing extortion, which makes guilt depend upon the demanding and receiving of a greater fee than is allowed. (*Post, p.* 463.)

Cases cited and approved: Leggatt v. Prideaux, 16 Mont., 205; State v. Coleman, 116 Am. St. Rep., 446.

Code cited and construed: Secs. 6352, 6353, 6714 (S.).

(460)                                        [132 Tenn.

Marr v. Murphy.

2. **EXTORTION. Official fees. Penalties.**

Where a justice of the peace received a fee for issuing a criminal warrant before it was due, he is liable to the penalty provided by Shannon's Code, sec. 6353, for the receiving or demanding of any other or higher fee than that prescribed; such fee not being prescribed. (*Post, p.* 464.)

Case cited and approved: State v. Cooper, 120 Tenn., 549.

---

FROM KNOX.

---

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—L. D. SMITH, Special Judge.

CHAS. M. ROBERTS and WM. MEYERHOFF, for plaintiff.

J. R. PENLAND and JAS. G. JOHNSON, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Murphy, a justice of the peace of Knox county, was sued by Marr for a penalty of $50 for extortion in the taking from Marr of the sum of fifty cents for and at the time of the issuance of a criminal warrant sued out on the affidavit of Marr as prosecutor. The predicate for the liability of the officer is not that the sum was one in excess of what the law allowed, but that it was taken by him before it was due or collectible according to statute, in that by statute only

on the contingency that the presecution was frivolous or malicious could Marr, as prosecutor, be held liable for the fee at all, and such could only be determined in the judgment to be rendered after trial on the warrant.

The special judge trying the case in the circuit court in a written finding of facts held the defendant officer not liable. He gave credence to the testimony of the officer, who was on all material points contradicted by Marr, so that the correctness of the judgment may be tested by the testimony of the defendant in his own behalf.

The pertinent portions of that proof are as follows:

"Plaintiff, Marr, came to my office to secure a State warrant against Tom Hillard for a felony. I wrote out the warrant, and plaintiff signed it as prosecutor. I then completed the warrant by signing my name thereto in my official capacity. When I had completed said warrant, and had folded the same up, plaintiff asked me what it was worth—'twenty-five cents'? I said, 'Fifty cents for a State warrant and twenty-five for a civil warrant.' Thereupon plaintiff paid me fifty cents for issuing this warrant, which I accepted. . . . I deny that I had demanded of plaintiff fifty cents for issuing the warrant."

Defendant further claims in his testimony that he told plaintiff, when the latter left the office with the warrant, that if the warrant was returned before him the cost would be taxed, and that plaintiff could get his money back. Defendant admitted that plaintiff

did come back to his office two or three days later, and stated that the constable did not serve the warrant, because defendant had collected fifty cents from plaintiff for issuing this warrant. Defendant, however, denied that plaintiff on this occasion demanded his fifty cents back. Defendant also stated that he never mentioned money to plaintiff, or even thought of any charge for the warrant, until the plaintiff mentioned and offered the fifty cents to him; that the defendant only took the fifty cents on the ground that plaintiff offered it to him, for the reason that the paper was to be executed and returned before another justice of the peace, if at all; and that the payment of the fifty cents by plaintiff was voluntary, and not demanded or suggested on the part of defendant.

The trial judge held that the defendant was not liable for the penalty, on the ground that the payment had not been demanded of the prosecutor, and that as the same was volunteered by the latter, and merely received by the officer, there was no liability.

The statutory provisions governing this action are found in Shannon's Code, secs. 6352, 6353, which provide that no officer is allowed to demand or receive fees, or other compensation, for any service further than is expressly provided by law, and (section 6353) that, if any officer demands or receives any other or higher fees than are prescribed by law, he is liable to the party aggrieved in a penalty of $50.

It is observed that between the word "demand" and the word "receive" there appears the disjunctive

"or," and we are of opinion that, so far as a civil
action for the prescribed penalty is concerned, there
need not be a precedent demand to the receipt of fees,
where unwarrantably collected. This is made the more
obvious when we look to the criminal statute govern-
ing extortion (Shanon's Code, sec. 6714), where guilt
is made to depend upon the officer "demanding and
receiving" a greater fee or compensation than is al-
lowed. The distinction thus taken between the civil
and the criminal action is made in other jurisdictions.
*Leggatt* v. *Prideaux,* 16 Mont., 205, 40 Pac., 377, 50
Am. St. Rep., 498, and note to *State* v. *Coleman,* 116
Am. St. Rep., 446, 452.

The judgment of the circuit court was reversed by
the court of civil appeals, though that court was
divided in opinion.

The minority of the court of civil appeals did not
follow the reasoning of the trial judge on the above
point, but held the view that:

"Section 6353 does not apply to the collection of a
lawful fee before it is due. It does not apply to the
case of collecting a lawful fee, or, in other words,
the amount fixed by statute as the fee, before it is
due; and the collection of fifty cents for the issuance
of a criminal warrant is certainly not a higher fee than
is prescribed by law for that service, and we think it
cannot by any kind of construction be said to be any
other fee."

It was held in *State* v. *Cooper,* 120 Tenn., 549, 113
S. W., 1048, 15 Ann. Cas., 1118, that the collection

of a fee before it became due was punishable criminally; and we think it fairly manifest that section 6353, by the phrase "any other fees than are prescribed by law," covers fees that may be for the lawful amount, provided the same be collected before due, according to law. It cannot be that the legislature meant to prescribe a criminal punishment and withhold the less onerous civil remedy for such collection of a fee before due.

The law does not prescribe or provide for the payment of the fee by a prosecutor in advance, and therefore the justice received a fee other than prescribed by law. It was received and settled for as if it were one prescribed by law for a State warrant, to be paid for on issuance, and plaintiff, Marr, must have so understood. The justice knew that any offer to pay was on that basis, and that the payment actually made was under a misconception on the part of the plaintiff, in part induced by the justice.

Agreeing with the views of the majority of the court of civil appeals, the judgment is affirmed; the writ of *certiorari* having been heretofore granted.