Kerr v. Raines.

## A. S. KERR v. J. M. RAINES.

### (*Jackson.* April Term, 1923.)

1. **CERTIORARI.** New trial. Errors assigned in motion for new trial not specifically pointed out not considered.

   Assignments of error in motion for new trial, stating as grounds that the court "allowed incompetent evidence to go to the jury," that the court "declined to let competent proof tendered by plaintiff go to the jury," that the court "declined to charge the jury the several requests tendered by plaintiff," but not specifically pointing out the errors, were insufficient and could not be considered. (*Post, p.* 499.)

   Case cited and approved: Railroad v. Johnson, 114 Tenn., 632.

   Code cited and construed: Sec. 6353 (S.).

2. **CERTIORARI.** On reviewing denial of directed verdict, view of evidence most favorable to denial taken.

   In passing upon the action of trial judge in refusing to grant directed verdict for plaintiff, court must take that view of the evidence most favorable to defendant. (*Post, pp.* 499-502.)

   Cases cited and approved: Wildman Mfg. Co. v. Davenport Hosiery Mills, 147 Tenn., 551; Marr v. Murphy, 132 Tenn., 460.

3. **SHERIFFS AND CONSTABLES.** Fees paid constable for procuring stay of judgment after execution returned unsatisfied not illegal.

   Where defendant constable, after returning an execution against an insolvent debtor unsatisfied, by agreement with plaintiff creditor procured H. to stay and later pay the judgment, for which plaintiff paid defendant a commission, defendant was not liable under Shannon's Code, Section 6353, for collecting fees other than are prescribed by law, since procuring a stayor for an in-

solvent debtor was not part of defendant's official duty, and he could lawfully contract as an individual for compensation in this behalf. (*Post, pp.* 502.)

Case cited and approved: Garvin v. Glisson, 90 Tenn., 207.

4. **EXTORTION.** Duties for which fee charged held to be performed as an individual and not as an officer.

In an action to recover a penalty prescribed by Shannon's Code, section 6353, for collecting other fees than are prescribed by law, verdict that defendant constable performed duties as individual and not as officer *held* supported by evidence. (*Post, p.* 502.)

FROM MADISON.

Appeal from the Circuit Court of Madison County.— HON. R. B. BAPTIST, Judge.

J. M. TROUTT, for plaintiff.

L. L. FONVILLE, F. H. PHILLIPS and HU C. ANDERSON, for defendant.

MR. MALONE, Special Judge, delivered the opinion of the Court.

This is a *certiorari* case.

Kerr, the petitioner, sued Raines, a constable of Madison county, before a justice of the peace, to recover the penalty of $50 prescribed by Code (Sh.), section 6353, for extortion by an officer, in demanding fees to which he is not entitled under the law.

He had judgment, and Raines appealed to the circuit court, where the case was tried with a jury.

At the close of all the evidence, plaintiff moved for a directed verdict, which motion was denied over his exception. The jury brought in a verdict for defendant, and, after Kerr's motion for a new trial had been overruled, he appealed to the court of civil appeals, which court, in an opinion by the late Justice S. F. WILSON, affirmed the judgment.

In his petition for *certiorari,* Kerr assigns several errors. Some of these assignments relate to alleged errors of the trial judge in the admission or rejection of testimony, and in refusing special requests seasonably made.

None of these alleged errors were specifically pointed out in the motion for a new trial—the only grounds there stated being that the court "allowed incompetent evidence to go to the jury," etc.; that the court "declined to let competent proof tendered by the plaintiff go to the jury;" that the court "declined to charge the jury the several special requests tendered by the plaintiff," etc.

This was not sufficient (*Railroad* v. *Johnson,* 1905, 114 Tenn., 632, 642-644, 88 S. W., 169), and these errors cannot be considered here.

The chief error on which the petitioner relies, however, is the refusal of the trial judge to grant a directed verdict; and this alleged error was properly specified in plaintiff's motion for a new trial.

The consideration of this point involves a review of the evidence; and in passing upon the action of the trial judge we must take that view of the evidence most favorable to the defendant. *Wildman Mfg. Co.* v. *Davenport Hosiery Mills* (1923), 147 Tenn., 551, 556, 249 S. W., 984.

The following facts are uncontroverted:

Kerr, a merchant, had an account against a man named.

Johnson, and sued him before a justice of the peace of Madison county, and got judgment by default for $23.71. Execution came into the hands of defendant, Raines, a constable, and he made an effort to collect it, but found that Johnson was insolvent. The judgment debtor, Johnson, was a tenant on the place of John T. Hall. Raines advised Kerr that nothing could be made out of Johnson by garnishment, or otherwise, but that he (Raines) thought he could get the judgment stayed by John T. Hall.

As to the other material facts, there is a direct conflict in the testimony—the plaintiff, Kerr, and his wife on the one side, being arrayed against the defendant, Raines, on the other.

Raines' testimony, which alone can be considered here, on the disputed points, is as follows:

"I then told him (Kerr), 'I have done all I can do as an officer, but I think I can get it stayed, that John T. Hall is my friend—if you will pay me I will get it stayed —I cannot make anything as an officer; I have done all I can as an officer.'

"Mr. A. S. Kerr said: 'Well, if you can get it stayed that will suit me—I then in eight months can make the stayor pay it. 'Yes,' he said, 'I will pay you.'

"So I went and got John T. Hall to stay it, so before the stay was out John T. Hall came up and paid off the judgment and interest and costs. . . . I satisfied the judgment as the docket will show. . . .

"I went out to Mr. A. S. Kerr's store, and I told him I had collected the money. . . . I told him I had the amount of the judgment $24.65. . . . He then asked me how much he owed me.

"I told him that he didn't owe me anything, that my costs had been paid to me, but that I had been through a great deal of trouble in the matter, and that it was through my efforts the debt had been stayed and collected, and that I am willing to anything you think is fair. He said: 'You can pay be $20 and keep the balance;' so I then drew my check in favor of A. S. Kerr for the $20. . . . I have had that much money in the bank all the time since that time. . . . On the first conversation I told him as an officer I could not collect his judgment, . . . but I thought I could as an individual get Mr. John T. Hall to stay it—L. M. Johnson was insolvent—and he then said that would suit him, to have it stayed by Hall, that Hall was good, and he said he would pay me.

"After I collected the justice costs and my costs, I told him I could not do anything more as an officer, but would get it stayed if he would pay me.

"So I got it stayed, and then collected the money, and paid him the $20 as heretofore stated. I did not act as an officer in having the judgment stayed and collecting the judgment and satisfying the docket. That was as a private individual."

Kerr and wife testified that the officer was paid the sum of $4.65 as a commission, which he demanded, and which Kerr paid under protest; but their evidence on this behalf must, of course, be disregarded in considering the motion for a directed verdict.

It is urged by the petitioner that under the case of *Marr* v. *Murphy* (1915), 132 Tenn. 460, 178 S. W., 1055, the officer was liable for the statutory penalty even if Kerr paid the $4.65 voluntarily—that by the terms of

Code (Sh.), section 6353, he could not receive "any other or higher fees than are prescribed by law," although they were willingly paid.

But in the case of *Marr* v. *Murphy* the offense for which the officer was penalized was collecting in advance one of his regular fees, for a service to be thereafter performed by him in his official capacity.

We think the instant case falls within the principle announced in *Garvin* v. *Glisson* (1891), 90 Tenn., 207, 16 S. W., 116, where an attempt was made to hold a registration commissioner liable under this statute because he charged a candidate for furnishing him a list of registered voters. This court, after pointing out that "the furnishing of the copy, and the price to be paid therefor, were subjects of contract, not regulated by law," added (90 Tenn., 211, 16 S. W., 117) :

"The section of the Code imposing the penalty is only applicable where fees are fixed by law."

It was certainly not a part of the constable's official duty to procure a stayor for an insolvent judgment debtor, and he might lawfully contract, as an individual, for compensation in this behalf.

From what has been said it follows that the assignment of no evidence to support the verdict must also be overruled.

The writ of *certiorari* having been heretofore, seasonably granted, the judgment of the court of civil appeals will be affirmed.