[No. 1366. Decided November 7, 1894.]

THE STATE OF WASHINGTON *on the relation of* THOMAS WINSOR, *Appellant*, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF BALLARD, *Respondents*.

MUNICIPAL CORPORATIONS—POWER OF COUNCIL TO REMOVE MEMBERS—CONTRACTS OF OFFICER WITH CITY—SUFFICIENCY OF CHARGE OF VIOLATION OF STATUTE.

The common council of a municipal corporation is restricted in the right of expelling members to the express power given by statute.

Under § 659, Gen. Stat. authorizing the removal of any city officer who wilfully violates the restrictions thereof against such officers' being interested in any contract for furnishing supplies to the city, a charge against a councilman is too indefinite as ground for removal,

when it alleges that he has violated § 659 of the code, "in having furnished lumber to the city of Ballard and in having presented a bill to the city for payment of same."

*Appeal from Superior Court, King County.*

*Winsor, Bush & Morris*, for appellant.

*J. A. Murchison*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This is an application for a writ of mandamus. The petition alleged that the relator was a member of the common council of the city of Ballard, on December 5, 1893, duly elected and in possession of such office and enjoyment of the rights of a councilman, etc., and was such qualified member on the 20th day of February, 1894; that on said day a communication was filed with said city of Ballard, charging the relator with having violated § 659, Gen. Stat., by having furnished lumber to the city of Ballard and having presented a bill to the city for the payment of same. Thereupon a resolution was passed by the council declaring relator's office vacant.

Petitioner alleges that no copy of said charges was ever served upon him; that no witnesses were sworn or testified in support of said charges, and no evidence was taken to substantiate the truth of said charges, nor any opportunity given him to be heard upon the same, and that said resolution declaring said office vacant was passed without any investigation into the truth or falsity of the matters therein charged, and without any hearing upon the same whatever, under his protest and objection. The petition alleges that afterwards he attempted, at a regular meeting of the said common council to take his seat as such member of said common council, and to take part in its proceedings, and that the mayor and common council of said city refused to recognize him as a member of said common council and refused to allow him to take his seat in said council as such member; that he demanded an opportunity to be heard upon such charges aforesaid, which demand was refused by said mayor and common

council; that he demanded to be recognized as a member of the council, etc. The petition alleges that the action of the common council aforesaid was without any warrant or authority of law, but that petitioner has no plain, adequate or speedy remedy at law, and prays that an alternative writ of mandamus issue, addressed to the mayor and common council of said city of Ballard, directing them to show cause, etc.

The alternative writ prayed for was issued by the court and the council answered, admitting the election of the relator as set forth in his petition; alleging that:

"A charge was preferred on the 20th day of February, 1894, by one John Keane, a member of said council, in which it was charged that said Thomas Winsor had violated the statutes of the State of Washington in contracting and selling lumber to the said city while a member of said council, and in presenting his bill to said city for payment; that said charge was presented to said council in the presence and hearing of said Thomas Winsor, and said Winsor then and there waived the issuing of notice and waived copy of charges and then and there asked said council to have said charges set for hearing before said council on the 27th day of February, 1894, which was accordingly done by said council; that in pursuance of said request of said Winsor said council set said charge for hearing on said 27th day of February, 1894, of all of which said Thomas Winsor had due notice and which was done at the request of said Thomas Winsor; that on said 27th day of February, 1894, at the time fixed for hearing said charges said Thomas Winsor appeared in said council and then and there refused to answer said charges and refused to take part in the trial, and said charges were tried, and in default of answer said Winsor was found guilty as charged and said council then and there duly passed a resolution by a majority vote of council, removing said Winsor as a member of said council and declaring the office of said Winsor vacant; all of which was duly entered of record," etc.

To this answer the petitioner demurred on the ground that the answer did not contain facts sufficient to constitute a defense to the writ. The demurrer was overruled by the court, with the further order that "the petition of the relator be and the same is hereby dismissed, and the alternative writ

heretofore issued in the case be and the same is hereby quashed. '' To the making and entry of such order relator by his counsel excepted, and for the correction of the errors alleged this appeal is taken.

It will be seen by the answer that the objection urged in appellant's brief, that relator was tried without any notice, is not well taken ; according to the answer the trial was had both as to time and place by the special consent of the relator.

It is further contended by the appellant that the common council had no authority under the law to remove an alderman, even if there had been a specific charge and investigation, but that such power is vested exclusively in a court of law. It is laid down by Dillon on Municipal Corporations, § 89, that,

"It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers, and no others : *First*, those granted in express words ; *second*, those necessarily or fairly implied in or incident to the powers expressly granted ; *third*, those essential to the declared objects and purposes of the corporation,—not simply convenient but indispensable. Any fair or reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied. "

This proposition has been uniformly followed by this court in dealing with these questions. So it is conceded that the power to remove a councilman is not granted by the law in express words. Then the only question for consideration is, Is that power necessarily or fairly implied in or incident to the power expressly granted, or is it essential to the declared objects and purposes of the corporation ? In *Rex v. Richardson*, 1 Burr. 517, Lord Mansfield laid down the rule, that the power to amove a corporate officer from his office for reasonable and just cause is one of the common law incidents of all corporations, and this doctrine, says Mr. Dillon, though declared before, has been since that decision considered settled. This case involved the construction of a character granted by the king in confirmation of the rights of a charter by prescription, but the same doctrine has been held by the

English courts where the charters were organized under an act of Parliament; and in reviewing the cases on this subject Mr. Dillon says (§ 242): "Our American corporations, however, have no ranks, orders, or integral parts corresponding to the constitution of an old English corporation.   *   * Has the council," says the author, "as the representative of the corporation, the incidental powers of a corporation, such as the power to amove, or the power to ordain by-laws? Or is the council in the nature of a select body, possessing no right to exercise any of the ordinary incidental powers of the corporation, unless expressly authorized by charter or legislative grant? The question not being judicially settled as to our municipal corporations, the opinion is ventured that, in the absence of an express grant or statute conferring or limiting the power, the common council of one of our municipal corporations as ordinarily constituted, does possess, in the absence of any express or implied restriction in the charter, the incidental power, not only to make by-laws, but, for cause, to expel its members, and, for cause, to remove corporate officers, whether elected by it or by the people:" arguing that the same necessity that exists for the right of amotion at common law, with respect to the corporation at large, would, in the absence of any controlling provision, exist here.

But the case at bar goes a step beyond this; for the power to expel for certain causes is given the corporation by the legislature, and the question is whether the giving of the express power limits the right of the council to exercise the power in any other case.   The author referred to above asserts that this will depend upon the intent of the legislature to be gathered by a consideration of the whole charter or statute.   In this instance § 665, Gen. Stat., provides that, "In case a member of the council is absent from the town for three consecutive meetings, unless by permission of the council, his office shall, by the council, be declared vacant." It seems to us that this is an apt place for the application of the doctrine that the expression of one excludes the other; for if it had been the intention of the legislature to confer

the right or power upon the city council to expel its members for any cause, the specification of this particular cause would have been absolutely unnecessary, and it would not have occurred to the legislative mind to have it inserted.

Adding to this the doctrine above announced that ''any unfair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied,'' it seems to us that the logical conclusion must be that the right of the council to expel a member must be restricted to the express power given by the statute, and that there is no room for implication.   This is also, we think, the doctrine of the authorities.   See *People v. Higgins*, 15  Ill.  110 ; *State  v. Jersey City*, 25  N. J. Law, 536 ; *Mayor, etc. v. Shaw*, 16 Ga.  172.

It seems to us also that this is the doctrine of reason and caution.   In bodies like city councils, where the councilmen are elected by factions and at the behests of special interests, it would be a dangerous power, likely to be subversive of the rights of the people, to allow a majority of the members of a council to expel a member, and this power might frequently be used for the purpose of aiding unworthy movements.

There is another proposition in this case which is fatal to the respondents, and that is, that the charge made against the relator was not sufficiently definite to charge him with the violation of the statute.   The charge was as follows :

''BALLARD, Wash., Feb. 20, 1894.
'' *To the City Council of the City of Ballard:*
GENTLEMEN:—I hereby charge Councilman Thomas Winsor with having violated Section 659, Article 6, Volume 1 of the Code of Washington, in having furnished lumber to the City of Ballard and in having presented a bill to the city for payment of same.
(Signed)      JOHN KEANE.''

Now Sec. 659 provides that :

'' No officer of such city shall be interested, directly or indirectly, in any contract with such city, or with any of the officers thereof, in their official capacity, or in doing any work or furnishing any supplies for the use of such city or its officers in their official capacity ; and any claim for com-

pensation for work done, or supplies or materials furnished; in which any such officer is interested, shall be void, and if audited and allowed, shall not be paid by the treasurer. Any wilful violation of the provisions of this section shall be a ground for removal from office, and shall be deemed a misdemeanor, and punished as such.''

Thus it will be seen that it is a *wilful* violation of a provision of this section that is made a ground of removal from office. The charge nowhere alleges any wilful violation. For anything that may be known or gathered from the charge preferred against this appellant this bill may have been presented ignorantly or with a misunderstanding of the duties of the officer; may even have been withdrawn before it was acted on. We think before an officer should be subjected to removal or any penalty for the violation of a law, especially when it is quasi criminal in its character, he should at least be charged with a wilful violation of such law.

The contention of the respondents that the action of the court should be sustained on the ground that it was made known to the court that the vacancy caused by the removal of appellant had been filled and that appellant had instituted *quo warranto*, proceedings against the incumbent of said office, can have no effect here, for there is no such state of facts shown by the record. There is not a word in the record in fact concerning any writ of *quo warranto*, or of any information furnished the court on that subject; and the contention is entirely outside of the record, whatever the facts may be in the case.

For the reasons above specified the judgment will be reversed and the cause remanded with instructions to the lower court to sustain the demurrer to the respondent's answer.

ANDERS, SCOTT and STILES, JJ., concur.

HOYT, J., concurs in result.