BAILEY, PLAINTIFF, v. EXAMINING & TRIAL BOARD OF POLICE DEPARTMENT OF CITY OF HELENA ET AL., DEFENDANTS.

(No. 2,941.)

(Submitted November 10, 1910.   Decided November 12, 1910.)

[112 Pac. 69.]

Supervisory Control—Discharge of Policeman—Review.

1.  Under Revised Codes, section 3308, providing that the judgment of the examining and trial board of the police department dismissing an officer for misconduct shall be final on questions of fact, but that the district court of the proper county shall have jurisdiction in a suit brought by the officer to determine whether the essential requirements of law have been complied with in the matter of his trial, such an officer could not obtain a review of the proceedings in the supreme court on application for a writ of supervisory control on the grounds that the charges filed against him did not state sufficient facts to constitute a cause of action, and that the evidence was not sufficient to support the findings, since these were questions of law which could be considered in the district court.

ORIGINAL application by Leonard Bailey for a writ of supervisory control against the Examining & Trial Board of the Police Department of the City of Helena and others.   Petition dismissed.

*Messrs. Gunn & Hall, Mr. W. T. Pigott,* and *Mr. Massena. Bullard,* for Plaintiff.   Oral argument by *Mr. E. M. Hall.*

*Mr. Edward Horsky,* appearing in behalf of Defendants, argued the cause orally.

MR. JUSTICE SMITH delivered the opinion of the court.

Petition for writ of supervisory control.   The plaintiff alleges that he is captain of police of the city of Helena; that on September 30, 1910, the mayor filed with the defendant board certain charges against him, two of which the board sustained; that on October 11, 1910, the mayor discharged him from the police force; that the charges were fictitious, trivial, and insufficient to show that he is guilty, and do not state facts sufficient to constitute a cause of action against him; that there was not any substantial evidence to support the charges, and the board found

him guilty without sufficient evidence to justify such a finding, and despite evidence fully exonerating him, and wrongly and arbitrarily decided that the charges were proven; that there is no appeal available and no remedy whereby he can obtain relief, except by virtue of the supervisory power of this court. We are asked to make an order directing the defendant board to set aside its decision and dismiss the charges as not proven. Upon the petition being filed, an alternative writ was issued requiring the defendants to either set aside their decision and dismiss the charges, or show cause why they should not be required to do so. The defendants have interposed a motion to quash the alternative writ, alleging as a reason therefor that the plaintiff has a remedy by action in the district court. The point must be sustained.

Section 3303, Revised Codes, reads as follows: "All applicants for positions on the police force shall be required successfully to undergo an examination before this board [examining and trial board], and to receive a certificate from said board that the applicant is qualified for appointment upon the police force. It shall be the duty of the board to examine all such applicants as to their legal, mental, moral and physical qualifications and ability to fill the position of member of the police department, and shall, subject to the approval of the mayor, make rules and regulations regarding such examinations, not inconsistent with this Act or the laws of the state. And said board shall also have the jurisdiction, and it shall be its duty to hear, try and decide all charges brought by any person or persons against any member or officer of the police department. A notice of not less than two days must be given to the accused of any charge made against him and of the time set for the hearing and trial thereof. No member or officer of the police force in cities of the first class shall be discharged without a hearing or trial before said board, and if such a board be instituted in any city of any other class, or in any town, then the same rule shall prevail regarding hearings and trials and the right thereof as in cities of the first class. The mayor, and the chief of police subject to the approval of the mayor, shall have

the power to suspend a policeman or any officer under the chief, for a period of not exceeding ten days in any one month without any hearing or trial. The examining board shall decide whether the charge or complaint is proven or not proven, but shall not have the power to discipline or impose a punishment. Where a charge or complaint against a member of the force is found proven by the board, the mayor, or the chief of police with the approval in writing of the mayor, may order the suspension from pay for some definite time of the member or officer found guilty or impose upon him a fine not exceeding fifty dollars, or reduce his grade, or discharge him from the police force, or subject him to any other discipline prescribed in the rules of the police department which is not inconsistent with the provisions of this Act or with other laws of the state. The decision of the board shall be final and conclusive, and shall not be subject to review by any court, on question of fact. The district court of the proper county shall have jurisdiction, however, in a suit brought by the officer or member, to determine whether the essential requirements of law have been complied with in the matter of his trial.''

The effect of this provision is that a decision of the examining and trial board on questions of fact is final and conclusive on all courts if there is any substantial evidence to support it. Whether there is or not is a question in the first instance for a district court to decide. A charge without substance is no charge, and a finding without substantial evidence as its basis is no finding. One of the essential requirements of law is that a charge shall be brought against the officer and that such charge shall embody facts sufficient to constitute a cause of action within the meaning of the Act. Another is that, before the charge can be sustained, some substantial evidence must be given in support of it. No question of fact can arise after the board has made its findings; but the district court has jurisdiction to determine every question of law necessary to insure to the accused officer the right guaranteed to him, to-wit, that all essential requirements of law shall be complied with before he is discharged from the police department. A copy of the testimony

taken before the examining and trial board has been filed in this court, but we have not examined it.

The motion to quash the alternative writ is granted, and the proceedings are dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE HOLLOWAY, being absent, takes no part in the foregoing decision.