STATE EX REL. WORKING, APPELLANT, *v.* MAYOR ET AL., RESPONDENTS.

(No. 2,951.)

(Submitted March 10, 1911.  Decided March 15, 1911.)

[114 Pac. 777.]

*Constitution—Judicial Officers—Impeachment—Police Judges—Removal—Written Charges—Prohibition.*

Constitution—Judges—Police Judge—Impeachment.
    1.  Constitution, Article V, section 17, providing that the governor and other state and judicial officers, except justices of the peace, shall be liable to impeachment, is only applicable to constitutional officers, and does not cover a city police judge, whose office is statutory only.

Same—Police Judges—Removal.
    2.  Revised Codes, section 3236, authorizing the city council to remove any officer on written charges after notice by a two-thirds vote of all the members elect, is in consonance with Constitution, Article V, section 18, subjecting officers not liable to impeachment to removal in the manner provided by law, and the statute is a proper exercise of the legislative authority granted, and a police judge of a city may be removed in a proper case by the city council.

Municipal Corporations—Officers—Removal—Written Charges.
    3.  Under Revised Codes, section 3236, providing for the removal by a city council of officers on written charges entered on their journal, written charges for the removal of an officer must be filed with the city council, and a proceeding for the removal of an officer has not been instituted until such charges are filed.

Prohibition—When Writ Does not Lie.
    4.  Prohibition does not lie at the suit of a police judge of a city to prohibit the city council from proceeding to remove him from office, where written charges have not been filed as required by Revised Codes, section 3236.

*Appeal from District Court, Lewis and Clark County; J. Miller Smith, Judge.*

APPLICATION for writ of prohibition by the state, on the relation of Lincoln Working, police judge, against the mayor and city council of the city of Helena. From a judgment against relator, he appeals. Affirmed.

*Mr. E. A. Carleton* submitted a brief in behalf of Appellant, and argued the cause orally.

*Mr. Edward Horsky,* appearing in behalf of Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE SMITH delivered the opinion of the court.

The relator filed his affidavit in the district court of Lewis and Clark county, setting forth: That he is the police judge of the city of Helena; that on the tenth day of December, 1910, the city council "passed an order or resolution," as follows:

"Office of City Clerk, City of Helena.

"Helena, Montana, October 11, 1910.
"Mr. Lincoln Working, Police Judge, City Hall Building, City.

"Dear Sir: By order of the city council, I was instructed to notify you that the city council has requested your resignation as Police Judge of the city of Helena, next Monday night to be considered at an executive session of said council or show cause why the office of Police Judge should not be declared vacant on account of alleged incompetency.

"Yours truly,
"J. A. MATTSON,
"City Clerk."

That on the eleventh day of October, 1910, the "order" was served upon him. The affidavit then recites that the mayor and city council are threatening to, and will, proceed to try him "upon the matters in the aforesaid communication set forth, and to declare his office vacant," unless they are prohibited from so doing. An alternative writ of prohibition was issued by the court below, to which the respondents filed a general demurrer and a motion to quash. The court sustained the demurrer and

also the motion. Relator refused to amend, and judgment was entered against him. From that judgment an appeal is taken. We state our conclusions as follows:

1. Section 17 of Article V of the state Constitution provides that the governor and other state and judicial officers, except justices of the peace, shall be liable to impeachment for high crimes and misdemeanors, or malfeasance in office. Section 1 of Article VIII provides that the judicial power of the state shall be vested in the senate sitting as a court of impeachment, in a supreme court, district courts, justices of the peace, and such other inferior courts as the legislative assembly may establish in any incorporated city or town. A police judge is not a [1] constitutional officer. His office is created by the legislative assembly, and not by the Constitution. Section 17 of Article V, *supra,* providing what officers shall be liable to impeachment, applies to constitutional officers alone. Therefore a police judge is not liable to impeachment.

2. Section 18 of Article V of the Constitution provides that all officers not liable to impeachment shall be subject to removal for misconduct or malfeasance in office, in such manner as may be provided by law. The provisions of the Constitution are both mandatory and prohibitory unless by express words they are declared to be otherwise. (Sec. 29, Art. III.) Section 3236, Revised Codes, relating to the government of cities, provides that the city council, upon written charges, to be entered upon their journal, after notice to the party and after trial by the council, by vote of two-thirds of all the members elect, may remove any officer. This section is in consonance with section [2] 18 of Article V of the Constitution, *supra,* and we think is a proper exercise of the legislative authority therein granted. It is admitted that the relator is a city officer; therefore he may, in a proper case, be removed by the city council.

3. But section 3236, Revised Codes, *supra,* expressly provides that such removal can only be made after written charges have been filed and entered upon the council journal. There is nothing in the record to indicate that any written charges have ever been filed against the relator, and, in fact, as we understand the

argument of counsel, it is admitted that no such charges have ever been filed. Section 6513, Revised Codes, provides that civil actions in the courts of record in this state are commenced by filing a complaint. By analogy it seems clear that the only method of commencing any action or special proceeding is by filing with the proper tribunal a complaint, or other document in the nature of a pleading, in order to give the court jurisdiction of the subject matter. (See *Bailey* v. *Examining Board,* 42 Mont. 216, 112 Pac. 69.) Until a complaint is filed in a civil action, no action is commenced or can be pending. Until written [3] charges are filed with a city council, no proceeding looking to the removal of a city officer has been instituted. The supreme court of West Virginia in the case of *Haldeman* v. *Davis,* 28 W. Va. 324, said this: "In order to authorize the writ [of prohibition], the petition must clearly show that the inferior tribunal is about to proceed in a matter over which it has no jurisdiction. * * * It can only operate upon a pending suit or proceeding, and cannot be used to prevent the institution of an action or proceeding. Nor will it lie to restrain an inferior court from exercising jurisdiction in a particular case if such court has jurisdiction in any case of that kind, for the remedy in such case is an appeal or writ of error." (See, also, *Sherlock* v. *City of Jacksonville,* 17 Fla. 93; 23 Cyc. 197.)

As no proceedings are pending against the relator, the district court was quite right in sustaining a demurrer to his affidavit and quashing the same.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing denied April 3, 1911.