STATE EX REL. RYAN, APPELLANT, *v.* BOARD OF ALDERMEN, RESPONDENT.

(No. 3,133.)

(Submitted March 4, 1912. Decided March 7, 1912.)

[122 Pac. 569.]

*Cities and Towns—Public Officers—Aldermen—Misconduct— Removal—Evidence—Sufficiency—Intent.*

Cities and Towns—Aldermen—Agents of Municipality—Good Faith.
1.  Aldermen, like other officers of a municipal corporation, are agents of the municipality, and as such must use the disc.etion which they have in the exercise of their powers, in good faith for the benefit of their principal.

Same—Misconduct—Evidence—Sufficiency.
2.  *Held,* that an alderman was properly found guilty of misconduct in office and removed, on the grounds that in his capacity as an attorney at law he defended one charged with conducting business without paying a license tax, and accepted a retainer to prosecute a suit against the town for damages and an injunction in regard to a sewer.

Same—Public Officers—Removal—Misconduct—Willfulness.
3.  To justify removal of an officer for misconduct, it is not necessary that the actions made the basis of the charge against him must have been willful; the official doing of an act may constitute misconduct, although there was no corrupt or malicious motive.

(188)

*Appeal from District Court, Teton County; H. H. Ewing, Judge.*

WRIT OF REVIEW, at the relation of David J. Ryan, against the Board of Aldermen of the town of Conrad. From an adverse judgment, relator appeals. Affirmed.

Cause submitted on briefs of counsel.

*Mr. David J. Ryan, pro se.*

*Mr. R. M. Hattersley,* for Respondent.

The charges preferred against the appellant amount to charges of improper conduct in accepting employment incompatible to, or conflicting with, that of a councilman. Offices are said to be incompatible and inconsistent so that they cannot be executed by the same person, first, when, from the multiplicity of business in them, they cannot be executed with care and ability; or, second, when, because subordinate and interfering with each other, it is the presumption that they cannot be executed with impartiality and honesty. (*State* v. *Jones,* 130 Wis. 572, 118 Am. St. Rep. 1042, 10 Ann. Cas. 696, 8 L. R. A., n. s., 1107, 110 N. W. 431; *State* v. *Goff,* 15 R. I. 505, 2 Am. St. Rep. 921, 9 Atl. 226; note to *Attorney General* v. *Oakman,* 126 Mich. 717, 86 Am. St. Rep. 578, 86 N. W. 151.) An office-holder cannot hold another office or employment whose functions are inconsistent or incompatible. (29 Cyc. 1381, and cases noted; *State* v. *Jones, supra; State* v. *Goff, supra; Attorney General* v. *Oakman, supra; Rex* v. *Letherby,* 11 Ont. W. R. 9292.) The officers of a municipal corporation, like those of a private corporation, are agents of the corporate body. (*Capital Gas Co.* v. *Young,* 109 Cal. 140, 29 L. R. A. 463, 41 Pac. 870.)

A director of a private corporation cannot create any relation making his personal interests antagonistic to those of the corporation. (10 Cyc. 790, and cases noted; *Capital Gas Co.* v. *Young, supra.*) A person who is agent for two parties cannot, in the absence of express authority from each, represent them both in

a transaction in which they have contrary interests. (31 Cyc. 1432, and cases cited; 1 Morawetz on Corporations, sec. 528.) The duty of an officer, either of a public or private corporation, or of an agent, not to accept incompatible employment, is analogous to the duty of an attorney, growing out of the relation between himself and his client, to devote all his skill and diligence to the interests of his client, and he cannot act for the adverse party in the same suit, even though his motives are honest. (4 Cyc. 920, and cases cited; *In re Cowdery,* 69 Cal. 32, 58 Am. St. Rep. 545, 10 Pac. 47.)

MR. JUSTICE SMITH delivered the opinion of the court.

The judgment from which this appeal is prosecuted reads as follows: "On the eighth day of September, 1911, David J. Ryan made application to the undersigned judge of said court for a writ to review the action and proceeding of the town council of the town of Conrad, Montana, in removing the said David J. Ryan from office as alderman of said town; and thereupon, and on the same day the writ of review was granted, and the board of aldermen of the town of Conrad, Montana, were ordered to certify and return to the said judge, on the sixteenth day of September, 1911, at 10 o'clock A. M., at his chambers in the city of Great Falls, Cascade county, Montana, all proceedings of said town council pertaining to the removal of said David J. Ryan from office; that on the sixteenth day of September, 1911, the said board of aldermen certified all the proceedings as ordered, from which it appears to the satisfaction of said judge:

"First. That the said David J. Ryan was prior to the twenty-first day of August, 1911, one of the duly elected, qualified, and acting aldermen of the town of Conrad, Montana,

"Second. That on the fourteenth day of August, 1911, the following written charges were preferred against the said David J. Ryan, as alderman of said town of Conrad, by the mayor thereof, to-wit:

" 'Conrad, Mont., August 14, 1911.

" 'To the Town Council of the Town of Conrad, Montana—Gentlemen:

" 'I hereby prefer charges against Councilman David J. Ryan, on the following grounds:

" 'First.    That he was guilty of improper conduct, in that while a member of the town council of the said town of Conrad, he defended Joseph Papillion in the case of said town of Conrad against Joseph Papillion on charge of operating without license.

" 'Second.    That he was and is guilty of improper conduct, in that while a member of the town council of the town of Conrad, he was and is employed by Florian Nigg to prosecute his suit against the town of Conrad for damages and an injunction against the sewer system of said town.

" 'I most respectfully ask that a date be set for a hearing as to said charge.

" 'Respectfully submitted,

" 'F. H. Pings, Mayor.'

"Which written charges were entered upon the journal of council on the fourteenth day of August, 1911.

"Third.    That on the fourteenth day of August, 1911, the said town council set the twenty-first day of August, 1911, as the regular meeting of the council, as a time for which a hearing would be had on said charges.

"Fourth.    That on the twenty-first day of August, 1911, at the regular meeting of the council, a hearing and trial by the said board of aldermen was duly had, at which time said David J. Ryan acted as his own counsel, and the town of Conrad was represented by attorney R. M. Hattersley.

"Fifth.    After the said trial the said town council, by a two-thirds vote of all the members elect, found the charges against the said David J. Ryan true and removed him from office as alderman of said town.

"From the following [foregoing?] facts, the said judge finds the following conclusions of law: (1) That the board of aldermen of Conrad, Montana, had jurisdiction to remove the said

David J. Ryan, as alderman of said town.   (2) That the said
board of aldermen of Conrad, Montana, regularly pursued its
authority in said matter.   Wherefore it is ordered, adjudged, and
decreed that the action of the board of aldermen of the town of
Conrad, Montana, in removing the said David J. Ryan from
office as alderman of said town, be, and the said [same?] is,
hereby affirmed.   Dated this tenth day of October, 1911.''

The first question involved is whether the charges filed by the
mayor constituted misconduct in office on the part of the relator.
We may preface our remarks with the statement that proceed-
ings of this nature are designed to be summary, untechnical,
and informal; and necessarily so, because they are intended to
be carried forward by city and town officials who are not versed
in the nice technicalities of practice and procedure in the courts.
The substance of the first charge is that the relator, while a mem-
ber of the town council, performed services as an attorney in
court, in behalf of one Papillion, who was accused, by the town,
of having failed to pay a license fee before engaging in business,
and that he, as such attorney, defended Papillion against said
charge, and thereby voluntarily placed himself in a situation of
opposing, as attorney, the purpose of the town of which he was
a councilman, in seeking to punish Papillion for an infraction
of the law.   The gravamen of the second charge is that, while
a member of the town council, he voluntarily accepted employ-
ment, as an attorney, from Florian Nigg, to prosecute a certain
suit against the town for damages and an injunction growing out
of a controversy relating to the sewer system of the town.   Did
the course pursued by him constitute misconduct in office?

The power of the council to remove the relator in a proper case
is undoubted.   Section 3218, Revised Codes, declares that the
officers of a town consist of a mayor, and two aldermen from each
ward.   Section 3236, Revised Codes, provides that the council,
upon written charges, to be entered upon the journal of its pro-
ceedings, after notice to the party accused, and after trial by
the council, by a two-thirds vote of all its members elect, may
remove any officer.   Section 18 of Article V of the state Consti-

tution provides that such officer shall be removable for misconduct or malfeasance in office. (*State ex rel. Working* v. *Mayor etc.,* 43 Mont. 61, 114 Pac. 777.) The relator was charged with misconduct in his office of alderman. In *State ex rel. Wynne* v. *Examining & Trial Board,* 43 Mont. 389, 117 Pac. 77, it appeared that the relator was charged with misconduct in his office of chief of police. This court said: "Any act involving moral turpitude, or any act which is contrary to justice, honesty, principle, or good morals, if performed by virtue of office or by authority of office, is included in the term 'misconduct in office.' " We have also held, however, that a charge without substance is no charge. (*Bailey* v. *Examining & Trial Board,* 42 Mont. 216, 112 Pac. 69.)

What was the effect of the alleged conduct of the relator? Before entering upon his duties as a member of the town board, he must have taken an oath to support, protect, and defend the Constitution of the United States and the Constitution of the state of Montana, and to discharge the duties of his office with fidelity. He must also have sworn that he would not knowingly receive, directly or indirectly, any money or other valuable thing for the performance or nonperformance of any act or duty pertaining to his office other than the compensation allowed by law. (Mont. Const., Art. XIX, sec. 1; Rev. Codes, sec. 362.) As an attorney at law he has heretofore filed in the office of the clerk of this court his written oath of office, wherein he solemnly obligated himself to faithfully discharge the duties of an attorney and counselor at law with fidelity to the best of his knowledge and ability. (Rev. Codes, sec. 6384.) The gist of the charges is that he has voluntarily placed himself in a situation, as an attorney, which disqualifies him from acting as a councilman in any matter concerning the litigation to which the town of Conrad is a party. "The officers of a municipal corporation, like those of private corporations, are agents of the corporate body. [1] It is a cardinal doctrine of the law of agency that, whenever an agent is invested with authority to use any discretion in the exercise of the powers conferred upon him, it is an implied condition that this discretion shall be used in good faith for the benefit

of the principal, and in accordance with the true purpose of the agent's appointment. To this extent every agency which is not a purely ministerial one involves a fiduciary relation between the parties.'' (*Capital Gas Co.* v. *Young,* 109 Cal. 140, 29 L. R. A. 463, 41 Pac. 869.) Let us suppose that the questions were presented to the town board whether Papillion should be prosecuted for operating without a license and whether the suit of Nigg should be defended. Could the relator take part in the deliberations of the council and act upon the questions thus presented with dispassionate, unbiased and unprejudiced judgment for the best interests of the municipality? We do not see how he could do so, being interested in both matters as attorney for the town's opponents. Nevertheless that was exactly what he agreed to do when he qualified as alderman and took the oath to perform the [2] duties of his office with fidelity. A man cannot legally, or in good morals, act for two principals whose interests are conflicting. He cannot serve two masters. As a councilman the relator had sworn to act with fidelity to the interest of the city, while as an attorney his sworn duty was to discharge his obligations to his clients with equal fidelity. These latter duties were entirely incompatible with those which he had undertaken to perform for his other principal, the town of Conrad. But it may be suggested that every sentiment of propriety and fair dealing would impel him to refuse to act, as an alderman, in any matter in which he was interested as an attorney. Even so, he had taken an oath to refrain from receiving, either directly or indirectly, any money or other valuable thing for the nonperformance of any act or duty pertaining to his office of alderman. It is not a violent or unwarranted presumption, we think, that for his services as an attorney he was to be or had been compensated by his clients. In accepting, or agreeing to accept, such compensation, he, by implication and indirection, contracted to abstain from acting against their interests, as an alderman; and he further impliedly agreed either not to act in the interest of the town or not to act at all. In either event the town would be denied the benefit of his services as a member of its council, and we under-

take to say that it had a right to command such services and to insist, through its proper officers, that his seat in the council should be filled by one who was uninfluenced by private considerations which were adverse to its welfare and advantage. Judge Dillon, in his work on Municipal Corporations, fifth edition, section 477, says: " 'Cause for removal' means some substantial shortcoming which renders continuance in office or employment in some way detrimental to the discipline and efficiency of the service, and something which the law and a sound public opinion will recognize as a good cause for his no longer occupying the place. The misconduct for which an officer may be removed must, in general, be found in his acts and conduct in the office from which his removal is sought. But to treat misconduct or incompetency in the performance of official duties as the only ground of removal is to give too *rigid* and narrow an application to the principles governing the subject. A cause for removal may exist for acts and conduct of a public officer at a time when he is not acting in the performance of a public duty, if these acts and conduct are such as to fairly show that he is unfit for the place."

In the case of *Joyce* v. *City of Chicago*, 216 Ill. 466, 75 N. E. 184, Mr. Justice Hand said: "It is further contended that the offense with which the plaintiff in error was charged pertained to misconduct on his part while acting as a notary public, and not to misconduct on his part while acting as a lieutenant of police, and that, although he may be guilty of the charge, it formed no proper basis for his discharge from office as a lieutenant of police. * * * We do not agree with the contention that no cause is sufficient for the removal of an officer, * * * unless the offense is committed while the officer is acting strictly within the line of his duty as an officer."

But it is contended that the written charges fail to state a cause of action for misconduct in office, for the reason that there [3] is no averment that the relator's actions were willful. The case of *State ex rel. Winsor* v. *Mayor etc.*, 10 Wash. 4, 38 Pac. 761, is cited in support of the argument. The decision in that

case, however, was placed upon the ground that the statute expressly provided that the violation of its provisions must be "willful." Neither our Constitution nor the Codes require that misconduct in office shall be "willful" in order to justify the removal of an officer. This court, in effect, decided the point adversely to the contention of the appellant, in *State ex rel. Working* v. *Mayor etc., supra.* Mr. Mechem, in his work on Public Offices and Officers (section 457), has this to say: "Misconduct, willful maladministration, or breach of good behavior in office do not necessarily imply corruption or criminal neglect. The official doing a wrongful act, or the official neglect to do an act which ought to have been done, will constitute the offense, although there was no corrupt or malicious motive." This court, in *Leggatt* v. *Prideaux,* 16 Mont. 205, 50 Am. St. Rep. 498, 40 Pac. 377, held that the fact that the officer acted in good faith in taking illegal fees was not a defense, and the same point was again decided in *State ex rel. Wynne* v. *Examining & Trial Board, supra,* and in *State ex rel. Rowe* v. *District Court,* 44 Mont. 318, 119 Pac. 1103.

The judgment is affirmed.

*Affirmed.*

Mr. Justice Holloway concurs.

Mr. Chief Justice Brantly concurs in the result.