# CHARLESTON.

## D. C. Sharps v. S. E. Jones.

### (No. C. C. 371)

Submitted January 13, 1926.　Decided January 26, 1926.

1.  Schools and School Districts—*Charge That One is "Hard of Hearing" Held Not Ground for Removal from Office of Member of Board of Education.*

    The mere charge that one is hard of hearing is not ground for his removal from public office.　(p. 664).

    (Officers, 29 Cyc. p. 1410: Schools and School Districts, 35 Cyc. p. 892.)

2.  Same—*Law Prescribes no Educational Requirements for Member of Board of Education.*

    In this state no educational requirements are prescribed by law for one holding the office of a member of the board of education.　(p. 664).

    (Schools and School Districts, 35 Cyc. p. 883 [Anno].)

3.  Officers—*Charges for Removal of Public Officer Should be Sufficiently Explicit to Give Defendant Notice of What he is Required to Answer.*

    While charges for the removal of a public officer need not be set out in the strict form of an indictment, they should be sufficiently explicit to give the defendant notice of what he is required to answer and to enable him to make due preparation to contest and disprove the particular act or acts constituting the alleged offense charged against him.　(p. 665).

    (Officers, 29 Cyc. pp. 1413, 1414 [Anno].)

    (Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Case Certified from Circuit Court, Barbour County.

Petition by D. C. Sharps to remove S. E. Jones from office as a member of a board of education. After sustaining defendant's demurrer as to three charges of the petition, but overruling it as to the fourth charge, the trial court certifies its rulings.

*Demurrer sustained.*

*Wm. T. George,* for plaintiff.
*D. D. Stemple,* for defendant.

MILLER, JUDGE:

By petition to the circuit court the petitioner sought to have removed from office the defendant, a member of the board of education, on the general ground of incompetency, alleging further; (1) that defendant "is very hard of hearing;" (2) that he "can not read writing;" (3) that he "does not consider the best interests of taxpayers and citizens of the district from which he was elected in transaction of public business as a member of said board of education, but considers only his own private interest in all such matters;" (4) that "he obtained from the Board of Education a contract for himself in the year 1924 in violation of law, while he was a member of said Board of Education and had said board to allow him in payment of the work under said contract, by an order upon the Building Fund of said Barker District, on October 25, 1924, and he cashed said order and obtained the money thereon." The circuit court sustained defendant's demurrer as to the first three charges of the petition, but overruled said demurrer as to the fourth charge, and has certified to this court the questions arising on said rulings.

Petitioner's counsel, in his brief filed on the hearing here, relies on section 12 of chapter 28-A of the Code, for the jurisdiction of the circuit court to remove defendant from office. This section, by its terms, relates only to members of the county court, board of education, or other body charged with the fiscal affairs of the county, school district, or other municipal subdivision of the state, in their official capacity, in laying levies and incurring indebtedness not authorized by law.

Section 6 of article 4 of the state constitution provides that: "All officers elected or appointed under this Constitution, may, unless in cases herein otherwise provided for, be removed from office for official misconduct, incompetency, neglect of duty, or gross immorality, in such manner as may be prescribed by general laws," etc. Section 7, Chapter 7 of the Code, provides that: "Any county or district officer including any member of a board of education may be removed from office for official misconduct, incompetency, habitual drunkenness, adultery, neglect of duty, or gross immorality." The

same section further provides that such removal shall be made by the circuit court of the county where such officer resides.

If true, would the fact that defendant is "hard of hearing" render him incompetent to hold the office he now occupies? "Hard of hearing" is necessarily a relative term, and is applied to one who can not hear as well as a person possessing normal faculties of hearing, or does not hear as well as the average person. And here it is not alleged that defendant's hearing is so defective that he can not, and does not, hear and understand what occurs at meetings of the board of which he is a member; nor does the fact alleged lead to the conclusion that defendant is, by reason of such physical defect, unable to perform fully the duties of his office. If proven, the charge of "hard of hearing" does not amount to inefficiency or incompetency to hold office. Facts amounting to incompetency must be alleged.

The second charge, that defendant "can not read writing," is not sufficient to render him ineligible to hold office under the laws of this state. No educational requirements are prescribed, either by the constitution or by statute. No doubt, under our constitution, the Legislature might prescribe educational requirements for officeholders, but it has not done so; and under the law as we find it, we can not say that ability to read writing is a necessary qualification of one holding the office of a member of a board of education. And it is not charged that defendant can not read or write; only that he can not read writing. His ability to participate in carrying on the fiscal affairs of the school district is not attacked. It is a well known fact that many very successful business men have not had the advantages of attending any school, many of them not being able to read or write.

And it is not alleged that defendant's defect in hearing or his inability to read writing did not exist at the time he was elected to office. It is to be presumed that the electors knew of his qualification when they voted him into office, and that they considered him competent and eligible to hold the office for which he was selected.

The fourth charge is evidently based on the provision of section 16a, chapter 151, Barnes' Code 1923. This section

reads: "It shall be unlawful for any member of a county court, overseer of the poor, district school officer, or any member of any other county or district board, or for any county or district officer to be or become directly or indirectly, pecuniarily interested in the proceeds of any contract or service, or in furnishing any supplies in the contract for, or in the award or letting of which, as such member or officer, he may have any voice or control." This same section makes a violation of the provision quoted a misdemeanor, and imposes a fine on the officer found guilty of the offense created, and further provides that he shall forfeit, for the benefit of the school fund, "the amount of said pecuniary interest, to be ascertained by the jury trying the case." No other penalty is therein provided for the violation of this statute. So we must refer to Section 7 of Chapter 7 of the Code for jurisdiction of the circuit court to remove from office the person proceeded against by the petition filed herein; and the charge set out in the petition must be considered under the general offense of "official misconduct" as set out in the constitution and the statute referred to.

The question presented, we think, is the sufficiency of the allegations in the petition to support the general charge made. "While charges for the removal of a public officer need not be set out in the strict form of an indictment, they should be sufficiently explicit to give the defendant notice of what he is required to answer." *Myers* v. *Nichols*, 98 W. Va. 37, 126 S. E. 351. "Nothing should be left to intendment, and so far as possible the facts constituting the alleged offense should be so far detailed as to show a reasonable cause for removal and to enable the accused to make due preparation to contest and disprove the charge against him." 17 Enc. Pl. & Prac. 219. See, also, 20 Stand. Enc. Proc. 788-9; 22 R. C. L. 572; *Moore* v. *Strickling*, 46 W. Va. 515, 50 L. R. A. 279; *State ex rel. Windsor* v. *City of Ballard*, 10 Wash. 4; *In re Snow et al.*, 98 Cal. 587; *People* v. *Therrien*, 80 Mich. 187.

While the date of the order alleged to have been issued to defendant by the board of education is given, neither the date nor the nature of the alleged contract is set out. It is charged that he secured for himself a contract; but whether for labor

to be performed by himself or another, or for the sale of materials or supplies to the board is not alleged; nor is it made to appear whether or not defendant voted for or participated in the making of the alleged contract in his official capacity as a member of the board. All that is alleged concerning the making of the contract is that it was secured in the year 1924. The board of education doubtless awards a number of contracts each year, and how, from the nature of the charges here filed, is defendant to know with which of these contracts petitioner seeks to connect him, and with which of them he will be confronted on the trial? Unless the contract be more specifically described than that it was secured in the year 1924, would not defendant have to be prepared to show that he was not interested in each of the contracts made during that year? It is only alleged that he was interested in one contract, and that contract should be so described that he will be required to make a defense to but one. The gist of the offense is that the officer be pecuniarily interested in the proceeds of the contract; and while it may be that the facts alleged that defendant obtained an order from the board of education and received cash on the order, sufficiently connects him with a pecuniary interest in some contract, we think that he should be informed as to what contract he will be confronted on the trial, in order to give him opportunity to prepare his defense. In view of the law as laid down in our decisions, and in the decisions elsewhere, we are constrained to hold that one charged with the offense created by the statute here relied on, in a proceeding to remove him from office, must be informed of the date, nature and import of the contract which he is charged to have been pecuniarily interested in.

What we have said in connection with the fourth charge in the petition renders it unnecessary to take up and discuss the third charge therein.

Our conclusion is that the circuit court should have sustained defendant's demurrer as to the fourth charge in the petition, as well as to the first three charges.

*Demurrer sustained.*