PEOPLE *ex rel.* CAGNEY *v.* MACLEAN *et al.*, Police Commissioners.

(*Supreme Court, General Term, First Department.*  June 6, 1890.)

MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMAN.

> A policeman was charged with conduct unbecoming an officer, the specification being that he was brought to the station-house by a roundsman, he having been taken from the Harlem river by certain other officers, so drunk as to be unfit for duty.  *Held*, that the specification sustained the charge, and was sufficiently supported by evidence showing that defendant was so intoxicated as not to appreciate surrounding circumstances.

*Certiorari* to review the action of police commissioners of the city of New York in dismissing relator, William T. Cagney, from the police force.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*L. J. Grant,* for relator.    *J. J. Delany,* for respondents.

VAN BRUNT, P. J.  The charge against the relator was conduct unbecoming an officer, the specification being that he was brought to the station-house by a roundsman, he having been taken from the Harlem river by certain other officers so much under the influence of liquor as to be unfit for duty.  Some criticism on the form of this specification is indulged in by the counsel for the relator, in that there is no direct allegation that the relator was guilty of conduct unbecoming an officer by reason of voluntary intoxication, nor is there any direct allegation that the conduct unbecoming an officer consisted of "being taken from the river," etc.  It is, however, perfectly plain what the charge was which was intended to be specified, and it is very evident from the course of the trial that the relator had no difficulty in knowing as to the circumstances constituting his offense.  There seems to have been ample evidence to support the conclusion to which the commissioners came, and the story which the relator testified to in order to account for his condition was utterly incredible, and unworthy of belief.  He was found in the Harlem river, undoubtedly having fallen there because of intoxication.  When taken out and brought to the station-house his excuse as to this condition was that he had been out in the rain, when the proof was that there had been no rain at all.  It is true the physician says he did not smell any liquor on his breath, but his opinion was, from the symptoms which he observed, that he was suffering from intoxication.  The sergeant also testifies that when brought into the station-house he was asked how he got into the river, and he said he did not know.  He finally seems to have thought of the story about his chasing a couple of fellows and falling overboard, which story he repeated upon his examination before the commissioners.  It further appears from the evidence of one of the witnesses, when he was taken out of the water, and was lying on his back on the bow of the canal-boat, he was asked how he got into the river, and he said he was not in the river; and when asked how he got wet, he said, "Raining."  And this seems to have been the impression which the circumstances of that evening had made upon his mind.  He was evidently so intoxicated as not to appreciate surrounding circumstances.  The proceedings should be affirmed, and the writ dismissed, with costs.  All concur.