(9 App. Div. 531.)

PEOPLE ex rel. LAWSON v. MARTIN et al.

(Supreme Court, Appellate Division, First Department. November 6, 1896.)

POLICEMEN—DISMISSAL—REVIEW OF DECISION.

The dismissal of a policeman is sustained by the evidence where the roundsman testified that he saw the policeman enter a liquor saloon; that a young man ran up, and told him that the roundsman was coming; and

that he afterwards saw the policeman coming out of a hallway below the store; and the policeman's record showed that numerous complaints had been preferred against him,—though the policeman testified that he was not in the saloon, but that he entered the hallway while chasing some boys.

Certiorari by William Lawson to review the proceedings of James J. Martin and others, constituting the board of police commissioners, dismissing relator from the police force.    Dismissed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Louis J. Grant, for relator.
James T. Malone, for respondents.

PER CURIAM.    The relator was charged with being absent from his post and in a liquor saloon during his tour of duty.    It is insisted that the charge was not proven.    This involves a consideration of the testimony upon the trial.    The roundsman swore that at the time specified "I walked down First avenue, and when I got to Sixty-Sixth street and First avenue I saw the officer between Sixty-Fourth and Sixty-Fifth streets, on the west side of the avenue, walking towards me.    I walked down.    I got near Sixty-Fifth street, and I saw the officer walking in this liquor store.    He had no more than got inside the door before I saw a young fellow running up after him to tell him I was on the corner.    Then I saw the young fellow coming out of the side door.    I saw this officer then come to the side door, and look around, and walk back.    I remained on the corner a few minutes, and I saw him come out of a hall door a few doors below.    *   *   *   I asked him what he was doing in there, and he said he was chasing some boys playing ball, and then came out through the hallway."    The relator testified that he had chased some boys some distance away, and then came back, "and tried to get one of them, and when they seen me one of them ran through the middle of the block, and the other three ran around and into this liquor store.    I chased them up through the house and over the roofs, and tried to catch one.    When the roundsman seen me he was at Sixty-Third street and First avenue.    I was not in the liquor saloon."    This, together with the record of the relator, which showed that numerous complaints of one character and another had been preferred against him, upon which judgment had been rendered against him for one or more days' pay, was substantially all the evidence produced.    The punishment does seem to me unusually severe for what apparently was a trivial offense, it not having been shown that the officer was in the saloon for any length of time, or drank while in there, but that he went in and came out immediately after,—whether, as surmised by the roundsman, because he was told he was watched, or of his own accord, must be a matter purely of conjecture.    While the evidence is slight, and the testimony of the roundsman and that of the relator are capable of being reconciled, still there was sufficient for the consideration of the commissioners, and we cannot disturb their finding.    The writ should accordingly be quashed, and the proceedings dismissed, with costs.