OESTERREICH *v.* FOWLE.

1. REMOVAL OF POLICEMAN—TRIAL—APPEARANCE—WAIVER.

An appearance and trial on the merits, before a police commissioner, of a charge to remove a policeman, under Act No. 416, Local Acts 1901, waives the requirement that the complaint should be under oath.

2. SAME—COMPLAINT—OFFENSE—SPECIFICATIONS.

To determine what offense a policeman was charged with, and of what he was convicted, in a proceeding to remove him from office, the specifications must be examined, rather than the general language in the complaint and order of dismissal.

3. SAME—POWER OF POLICE COMMISSIONER—DEPARTMENT RULES.

It is provided by sections 5 and 10 of Act No. 416, Local Acts 1901, that the police commissioner of Detroit shall have power, for cause assigned, to remove and suspend policemen from office, and that any citizen or police officer may make a complaint touching the character or conduct of any policeman, or for violation of any of the rules of the police department, and that the police commissioner may make an order of removal of the accused officer. *Held*, that the commissioner's authority to remove is not limited to a violation of the rules of the department.

4. SAME—ABSENCE FROM DUTY—FALSE REPORT.

A charge that a policeman reported himself sick, when he was at home, engaged in manual labor, "showing falsehood and deception in his report to his superior officers, prejudicial to good order and discipline," is more than a charge of absence from duty, and, upon conviction thereof, the commissioner is not limited to the penalty fixed by the rules for the latter offense.

*Certiorari* to Wayne; Donovan, J. Submitted November 18, 1902. ( Calendar No. 19,623.) Decided December 16, 1902.

*Mandamus* by Robert R. Oesterreich to compel George W. Fowle, police commissioner of the city of Detroit, to revoke an order dismissing relator from the police force. From an order denying the writ, relator brings *certiorari*. Affirmed.

*Palmer & Palmer*, for relator.

*John J. Speed*, for respondent.

CARPENTER, J. This is a proceeding to review the action of the circuit court for the county of Wayne in denying relator a *mandamus* compelling respondent to vacate an order dismissing him from the police force of the city of Detroit.

On June 2, 1902, the following charge was preferred against relator:

"HON. BOARD OF METROPOLITAN POLICE COMMISSIONERS OF THE CITY OF DETROIT: I hereby prefer the following charges against Doorman Robert R. Oesterreich:
"Charge, conduct unbecoming an officer.
"Specification 1st: Doorman Robert R. Oesterreich reported as being sick on the evening of May 19, 1902, and was absent until May 24, 1902, and carried on the time-book as reported sick, during which time he was at his home, engaged at manual labor; showing falsehood and deception in his report to his superior officers, prejudicial to good order and discipline.
"Witnesses:
        "ALBERT M. STODDARD, Lieutenant.
        "PETER JOCQUES, Sergeant.
        "JOHN HIGGINS, Sergeant.
                "Respectfully submitted.
                                "A. BAKER,
                                        "Captain."

On June 3, 1902, a copy of said charge was served on relator, with a written notice that he must furnish an answer in writing within three days. Relator filed a

sworn answer, substantially denying the charge made against him. A hearing was had, at which relator appeared, and testimony was introduced which satisfied respondent that relator "had not only been engaged in manual labor during the time he was absent, but that the labor was of a kind which showed that relator had been guilty of falsehood and deception in reporting himself sick." On June 30, 1902, the following order was promulgated:

"Doorman Robert R. Oesterreich, arraigned on June 5, 1902, charged with conduct unbecoming an officer and neglect of duty, in that he was doing manual labor on his own premises whilst reporting himself unable to do police duty, was found guilty, and sentenced to be dismissed from the force, to take effect July 1, 1902."

Relator contends that he is entitled to a *mandamus* on two grounds: *First*, that "the commissioner of police had no jurisdiction to try and remove the relator in these proceedings had before him, the complaint required by the statute not having been sworn to;" *second*, that, "if he [respondent] had jurisdiction to try him [relator], no offense was charged in the complaint, and his [respondent's] findings and sentence were irregular and illegal."

1. Section 10 of Act No. 416 of the Local Acts of 1901 required the complaint to be on oath. We think, however, that the relator waived this requirement by not raising this point at the hearing, and proceeding to a trial upon the merits. This is in no sense a criminal proceeding, nor is it like a criminal proceeding, and therefore the authorities relating to criminal proceedings, relied upon by relator's counsel, have no application.

2. Did the complaint charge such misconduct on the part of the relator as to justify his dismissal from the force? In effect, the relator is charged with procuring himself to be carried on the time-book as sick, when in fact he was at home, engaged in manual labor, "showing falsehood and deception in his report to his superior officers, prejudicial to good order and discipline." He is found

guilty of this precise charge, as is apparent by closely examining the order promulgated June 30, 1902. There is nothing to justify the argument of relator that he was charged with "conduct unbecoming an officer" and convicted of "neglect of duty," because, to determine what he was charged with, and what he was convicted of, we look at the specifications, and not at the general language contained in the complaint and order of dismissal.

It is urged that, under the law governing this case (Act No. 416, Local Acts 1901), relator could be removed only for conduct which violated rules and regulations of the police department, and that such rules and regulations were not violated by the misconduct charged in the complaint against relator. We cannot agree with relator in his position that he could not be removed except for violation of the rules and regulations of the department. Section 5 of the act under consideration provides:

"Said commissioner shall also have power, for cause assigned, * * * to remove and suspend from office."

Section 10 provides:

"Any citizen of Detroit, or officer of the police force, with a view to the trial and suspension or removal from office of any officer or patrolman of the police force, may, on oath, in writing, prefer or make * * * charges or complaint touching the character or competency, or affecting the acts, conduct, or omissions, of such officer or patrolman, or for violation of, or misconduct as defined or prescribed by, the rules and regulations of the police department; and said commissioner of police * * * may make an order of removal or suspension for some certain period, or may impose a fine, to be deducted from the pay of the officer accused."

In our opinion, the foregoing provisions give ample power to the commissioner to try and remove any member of the police force for other cause than violations of the rules and regulations of the police department. We cannot think it was intended by this act to compel the commissioner to retain, as a member of the force, a man

guilty of such falsehood and deception as that charged, and, as we must assume, proved, against the relator in this case.

Relator also urges that the charge made against him was that of absence from duty only, for which the maximum penalty prescribed by the rules of the department was forfeiture of pay during the time absent. What has been stated respecting the charge made against relator sufficiently shows that, in our opinion, he was charged with something more than mere absence from duty.

It results from these views that we think the court below correctly disposed of this case, and therefore his order will be affirmed.

The other Justices concurred.