BAILEY, RESPONDENT, *v.* EXAMINING AND TRIAL BOARD
ET AL., APPELLANTS.

(No. 3,066.)

(Submitted February 6, 1912.   Decided March 8, 1912.)

[122 Pac. 572.]

*Cities and Towns—Police Officers—Misconduct—Removal—
Charges—Sufficiency—Waiver—Finding of Trial Board—
Conclusiveness.*

Police Officers—Misconduct—Charges—Sufficiency.
   1.  The requirement of section 3309, Revised Codes, that a complaint
   charging a police officer with any of the offenses triable by the
   Examining and Trial Board of the Police Department shall be reduced
   to writing, is met if it in substance makes out any of the offenses
   mentioned therein.

Same.
   2.  A police officer who, after having been notified of an obstruction
   on a sidewalk by a pedestrian who was injured by falling over it, paid
   no attention to the complaint further than to say that nothing could
   be done unless the complainant swear out a warrant against the owner
   of the premises, was guilty of misconduct in office, in view of police
   regulations governing such matters, as well as of neglect of duty; and
   a charge substantially embodying the above facts *held* sufficient to
   state either or both of these offenses made triable by the Trial Board
   of the Police Department.

Same—Charges—Sufficiency—Waiver.
   3.  A police officer who goes to trial before the Trial Board of the
   Police Department on a complaint charging official delinquency, with-
   out asking that it be made more specific, will not be heard on appeal
   to say that it is indefinite and uncertain.

Same—Finding of Trial Board—Conclusiveness.
   4.  Where substantial evidence supports the decision of the Police
   Trial Board finding a police officer guilty of official misconduct, its
   determination is final and conclusive upon all courts.

Same—Punishment by Mayor—Review.
   5.  The power to impose punishment on a police officer found guilty
   of official misconduct being lodged in the mayor, his judgment of
   dismissal from the force cannot be disturbed on appeal as being too
   severe.

*Appeal from District Court, Lewis and Clark County; J. Mil-
ler Smith, Judge.*

ACTION by Leonard Bailey against the Examining and Trial
Board of the Police Department of the city of Helena, and the
members of such board.  Judgment for plaintiff.  Defendants
appeal.  Reversed and remanded, with direction to dismiss.

*Mr. Wm. T. Pigott,* and *Messrs. Gunn, Rasch & Hall,* submitted a brief in behalf of Respondent; *Mr. Pigott* and *Mr. E. M. Hall* argued the cause orally.

*Mr. C. W. Wiley,* for Appellants, submitted a brief and argued the cause orally. *Mr. Edward Horsky,* of Counsel.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On September 30, 1910, Frank J. Edwards, then mayor of the city of Helena, presented to the Examining and Trial Board of the Police Department of that city a complaint in writing charging Leonard Bailey, a captain of police, with delinquency of official duty. Bailey had been appointed, had qualified, and was serving under the Metropolitan Police Law of this state. The Trial Board gave due notice to the accused, who appeared personally and by counsel and participated in the trial which followed. On October 10, 1910, the Trial Board rendered its decision finding the accused guilty as charged in counts 1 and 2 of the complaint. Acting upon this decision, the mayor, on October 11, 1910, made an order discharging Bailey from the police force. This action was thereupon instituted by Bailey to have the decision of the Trial Board set aside upon the ground that the essential requirements of the law had not been observed by the board in this: (1) That each of the counts upon which plaintiff was found guilty is without substance, is fictitious, trivial, and insufficient to show incompetency, neglect of duty, misconduct in office, or conduct unbecoming an officer; and (2) that the evidence introduced before the Trial Board fails to sustain either count. Attached to the complaint is a copy of each of the following papers: The complaint made by Edwards, the notice of the hearing, certain objections interposed by the accused, a motion to strike out certain portions of the complaint, the evidence taken before the Trial Board, the findings or decision of the board, and the order discharging the accused officer. An answer was presented by defendants, but it did not raise any

material issue, and for all practical purposes the cause was tried as upon an agreed statement of facts. The district court found for the plaintiff and rendered and had entered a judgment annulling the findings of the Trial Board. From that judgment this appeal is prosecuted.

1. Of the two counts upon which plaintiff was convicted, the first, which relates to alleged misconduct at the time of a fire at Lenox, need not receive further consideration than to say that the record of the testimony taken before the Trial Board fails to disclose any substantial evidence to support it.

2. If the facts in the second count constitute a triable offense, [1] within the meaning of section 3309, Revised Codes, then the conclusion of the Trial Board should stand, for there is substantial evidence to support it. The charging part of that count reads: "Complaint was made by Mr. Bollinger, a Rodney street merchant, who was by this officer told that nothing could be done for him unless he would swear out a warrant. This complaint was made because of an obstruction, in the shape of a stone step on the sidewalk in front of the residence of Eugene Meyer on Fifth avenue."

The triable offenses mentioned in section 3309, above, are: (1) Incompetency; (2) neglect of duty; (3) misconduct in office; (4) conduct unbecoming an officer. If the sufficiency of the complaint above should be determined by the rules of pleading which control in courts of justice, it is obvious that it is fatally defective; but such rules cannot have application to the proceedings before the Police Trial Board. The only requirement of the statute is that the charge shall be reduced to writing (sec. 3309, above); and if in substance it makes out any one of the triable offenses mentioned, it is sufficient. And even in determining this question the courts will apply the most liberal rules of construction, and necessarily so. The members of the Police Trial Board are not required to be learned in the law of pleading and practice; in fact, many board members are laymen entirely unfamiliar with court procedure. Neither is it demanded nor contemplated that the person preferring charges against a police-

man shall specify the details of the charge, give a particular designation to the offense, or employ an attorney to draft the complaint. To insist upon strictness in construing a written charge of this character would defeat the purpose of the law and render members of the police force immune from discipline. The following authorities bear out the view we have expressed: *People ex rel. Cagney* v. *MacLean,* 10 N. Y. Supp. 851, 57 Hun, 587; *Oesterreich* v. *Fowle,* 132 Mich. 9, 92 N. W. 497; *People ex rel. Flanagan* v. *New York Police Commrs.,* 93 N. Y. 97; *People ex rel. Garvey* v. *Partridge,* 180 N. Y. 237, 73 N. E. 4; *Yoe* v. *Hoffman,* 61 Kan. 265, 59 Pac. 351; 28 Cyc. 508.

As will be observed by reference to the statute above, the triable offenses are stated in such broad terms as to defy accurate definition. In *Falloon* v. *Clark,* 61 Kan. 121, 58 Pac. 990, the court said: "The only grounds of removal by impeachment are 'misdemeanor in office,' and these terms we think are used in a parliamentary sense and mean misconduct in office. It is something which amounts to a breach of the conditions tacitly annexed to the office and includes any wrongful official act or omission to perform an official act."

In *State ex rel. Tilley* v. *Slover,* 113 Mo. 202, 20 S. W. 788, the court was called upon to review an order removing an official stenographer. In the course of the opinion the court said: "The phrase 'misconduct in office' is broad enough to embrace any willful malfeasance, misfeasance, or nonfeasance in office, and it cannot be doubted that an official stenographer who willfully sets at naught this constitutional prohibition by refusing to personally devote his time to the performance of his official duties, whatever his reason therefor may be, is guilty of misconduct in office, within the meaning of the statute, and may be removed from office by the judge of the court of which he is such an officer." This language is quoted with approval in *Coffey* v. *Superior Court,* 147 Cal. 525, 82 Pac. 75.

In Mechem on Public Offices and Officers, section 457, the author says: "Misconduct, willful maladministration, or breach of good behavior, in office, do not necessarily imply corruption

or criminal intention. The official doing of a wrongful act, or the official neglect to do an act which ought to have been done, will constitute the offense, although there was no corrupt or malicious motive." (See, also, *Leggatt* v. *Prideaux,* 16 Mont. 205, 50 Am. St. Rep. 498, 40 Pac. 377; *State ex rel. Wynne* v. *Board,* 43 Mont. 389, 117 Pac. 77; *State ex rel. Ryan* v. *Board, ante,* p. 188, 122 Pac. 569.)

"Misconduct" is defined as "wrong conduct; bad behavior; mismanagement." The synonyms are: "Misbehavior; misdemeanor; mismanagement; misdeed; delinquency; offense." The verb "misconduct" is defined: "To conduct amiss; to mismanage." (Webster's International Dictionary.)

In effect, this second count charges that, when complaint was made to Bailey by Bollinger that there was an obstruction on a [2] public sidewalk in the city, the officer refused and neglected to do anything in the matter unless Bollinger would procure a warrant for the arrest of the person responsible for the obstruction. The evidence discloses that on Saturday night, September 24, 1910, Fred Bollinger and his brother Adolph were traveling on the sidewalk along Fifth avenue in Helena; that, when in front of the home of Eugene Meyer, Adolph Bollinger fell over a horse block which was placed on the sidewalk, and was greatly injured. The block was of stone, sixteen inches wide, twelve inches high, and thirty-six inches long. Both of these men then went to police headquarters, where they found police captain Bailey and night jailer Brooks. Fred Bollinger made complaint to Bailey, explaining the circumstances of his brother's fall, and asked to have the obstruction removed. To this Bailey replied that he could not do anything for Bollinger unless Bollinger would procure a warrant for Meyer's arrest. It also appears from the testimony that there was in force a police regulation which required that an officer to whom a complaint was made should either remedy the matter to which the complaint related, or, if he could not do so at once, to make a memorandum in the police headquarters in order to inform other officers of the complaint so that it might receive proper attention. Bailey

neither gave any attention to the complaint himself, nor did he make any memorandum or otherwise inform the other officers of the city. It appears that the obstruction remained on the sidewalk until the following Tuesday afternoon, when Bollinger made complaint to the mayor of the city, who had it removed at once. If the testimony of Bollinger and Brooks is to be believed, Bailey treated the complaint with the utmost indifference, if not contempt; and, viewed in the light of this evidence, the accused officer was guilty of misconduct in office or neglect of duty, or both; and we think the count above is sufficient to state either or both of these offenses. It is true that the count does not give in detail the particulars of Bailey's offense; but he went to [3] trial before the board without asking that it be made more specific, and he will not be heard now to say that it is indefinite or uncertain. (*State ex rel. Niggle* v. *Kirkwood,* 15 Wash. 298. 46 Pac. 331.)

It is beside the question to urge that the Trial Board ought not to have found Bailey guilty upon the evidence produced. The [4] board is a tribunal constituted especially to hear and determine complaints against members of the police force. The statute declares: "The decision of the board shall be final and conclusive, and shall not be subject to review by any court, on question of fact." In *State ex rel. Bailey* v. *Examining & Trial Board,* 42 Mont. 216, 112 Pac. 69, this court, after reviewing the statute above, said: "The effect of this provision is that a decision of the Examining and Trial Board on questions of fact is final and conclusive on all courts if there is any substantial evidence to support it. Whether there is or not is a question in the first instance for a district court to decide. A charge without substance is no charge, and a finding without substantial evidence as its basis is no finding. One of the essential requirements of law is that a charge shall be brought against the officer and that such charge shall embody facts sufficient to constitute a cause of action within the meaning of the Act. Another is that, before the charge can be sustained, some substantial evidence must be given in support of it."

If left to the members of this court to determine, we might reach a different conclusion upon the evidence; or, if we found the evidence sufficient to sustain the charge, we might be inclined to say that the penalty imposed in this instance was altogether too severe.   But the statute has clothed the board with the power [5]   to determine the credibility of the witnesses and the weight to be given to the testimony; and likewise it has lodged the power to impose punishment in the mayor (section 3308)', and we cannot substitute our judgment for his.

In *People ex rel. Lawson* v. *Martin,* 9 App. Div. 531, 41 N. Y. Supp. 578, a policeman was discharged for leaving his beat and stepping into a saloon.   The court expressed the opinion that the penalty imposed was extremely severe, but approved the action of the board in discharging the accused.

In *People ex rel. Taylor* v. *York,* 58 App. Div. 621, 68 N. Y. Supp. 1077, a policeman was discharged for being absent from duty three days without permission, and this action was approved by the court.   (169 N. Y. 578, 61 N. E. 1133.)

In *State ex rel. Hart* v. *Common Council,* 53 Minn. 238, 39 Am. St. Rep. 595, 55 N. W. 118, the court said: "We recognize the prime importance of each department of government avoiding anything like improper interference with the others in the discharge of their functions; also, that while city councils and other municipal bodies may not have the power to remove from office except for cause, yet, this power being designed to insure efficiency and fidelity in the discharge of official duty, the degree of incompetency or inefficiency which amounts to sufficient cause for removal must of necessity, within certain established limits, rest somewhat in the sound discretion of the officer or body in whom the power of removal is vested.   We also recognize the fact that while in the exercise of this power their proceedings are *quasi* judicial, and hence reviewable by the courts, yet they are not courts, but essentially legislative and administrative bodies; and that their action shall be considered in view of their nature and the purposes for which they were organized, and not tested by the strict legal rules which prevail in trials in courts of law.

Hence if such a body has kept within its jurisdiction, and the evidence furnished any legal and substantial basis for their action, it ought not to be disturbed for any mere informalities or irregularities which might have amounted to reversible error in the proceedings of a court. To apply any other rule to the proceedings of such bodies would be impracticable, and disastrous in the extreme to public interests.''

We are unable to agree with counsel for plaintiff that the offense of which he was convicted was trivial in its nature. The character of his conduct is not to be measured by the consequences which actually flowed from it, but as well by the consequences which might reasonably have resulted. The evidence discloses that the obstruction on the sidewalk was a dangerous one; that another party had fallen over it before Bollinger was injured; that though Bailey was notified on Saturday night he gave the matter no attention whatever, and the obstruction was not removed until Tuesday afternoon following, and then not until complaint had been made to another officer of the city. It is not difficult to imagine that, if in the meantime someone had been seriously injured because of this obstruction, the consequences to the injured individual and possible litigation against the city might fairly have been charged against Bailey's neglect of duty.

The burden was upon the plaintiff to show that in the proceedings had before the Examining and Trial Board the essential requirements of the law were not complied with, and in this, we think, he failed.

The judgment of the district court is reversed, and the cause is remanded, with direction to dismiss the proceeding.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE SMITH: I concur in the result; but to my mind the most convincing argument in favor of the action of the Examining and Trial Board is found in the fact that section 1088 of Article III of the Ordinances of the City of Helena provides

that the owner of an obstruction in any street or sidewalk shall remove the same upon being required so to do by written notice from the mayor, street commissioner, or chief of police. While this ordinance was not formally offered in evidence before the members of the board, it was a part of the law of the city under which they were operating, and it became their duty to take notice of it in determining whether or not the relator was guilty of a neglect of duty. A complaint having been made to the captain of police that an obstruction existed in the sidewalk in front of the residence of Mr. Meyer, it was his duty under the regulations of the department to report the fact, either personally or in writing, to the officer who had authority to require its removal. This he neglected to do, and in consequence thereof it became necessary for Mr. Bollinger himself to make a second complaint of the obstruction.