STATE EX REL. O'BRIEN, APPELLANT, v. MAYOR OF BUTTE
ET AL., RESPONDENTS.

(No. 3,878.)

(Submitted March 12, 1918.    Decided April 6, 1918.)

[172 Pac. 134.]

*Police Officers—Removal—Accusation—Evidence—Sufficiency.*

Police Officers—Removal—Accusation—Sufficiency.
    1.   An accusation charging a police officer with falsely stating upon his examination for a position on the force that he had never been convicted of a crime; also that he had failed for over three years to file his official bond, that he had purchased a city warrant contrary to statute, that he had publicly associated with a drunken woman and had asked the proprietor of a lodging-house to violate a city ordinance by lodging the woman without requiring her to register, and that from lack of ability, courage, *etc.*, and use of intoxicants he was incompetent to discharge the duties of a police officer, was sufficient to present the question of his fitness to hold the office.
    [As to removal of officers for cause, see note in 135 Am. St. Rep. 250.]

Same—Charges—Sufficiency—Test.
    2.   The sufficiency of charges against a police officer under the Metropolitan Police Law cannot be defeated by the fact that the

specifications considered as a basis for criminal prosecution may be barred by the statute of limitations.

Same—Evidence—Sufficiency.

3. The charge that a police officer falsely stated upon his application for a position that he had never been convicted of crime, *held* to have been sustained by evidence that he pleaded guilty of petit larceny and suffered a judgment of fine therefor.

Same—"Officer"—Purchasing City Warrant.

4. A police captain is an "officer" within the meaning of sections 371 and 8182, Revised Codes, making the purchase of a city warrant by city officers a crime punishable by disqualification from holding office, the fact that the accused bought the warrant for a brother officer being unavailing as a defense.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

Certiorari by the State on the relation of John F. O'Brien, against the Mayor of the City of Butte and the Examining and Trial Board of the Police Department of said city to review the action of respondents in discharging relator from the police force. From a judgment dismissing the proceedings, he appeals. Affirmed.

*Mr. W. E. Carroll,* for Appellant, submitted a brief; *Mr. Jos. H. Griffin,* of Counsel, argued the cause orally.

The sufficiency of the charges is one of law for the court. (*McNiff* v. *City of Waterbury,* 82 Conn. 43, 135 Am. St. Rep. 247, 72 Atl. 572; *Child* v. *Boyd & Cory B. & S. Co.,* 175 Mass. 493, 56 N. E. 608.)   The court may review the evidence to see if there is any substantial evidence to legally warrant the decision below. (*Gilbert* v. *Board of Police & Fire Commrs.,* 11 Utah, 378, 40 Pac. 264; 6 Cyc. 827.)   When the decision below has no evidence to support it, the question then becomes one of law, not of fact. (3 Cyc. 348, 351, 358, 360, 362.)   Where a material fact ·is unsupported, or is contrary to all the substantial evidence, such finding may be in itself an error of law; but the court will not review to determine the preponderance of the evidence. (*Somers* v. *Wescoat,* 66 N. J. L. 551, 49 Atl. 462; *Kidder* v. *Townsend,* 3 Johns. (N. Y.) 435.)   The sufficiency of the evidence may be reviewed when the question is whether

jurisdictional facts were or were not proved in the inferior court or tribunal. (*Stumpf* v. *Board of Supervisors,* 131 Cal. 364, 82 Am. St. Rep. 350, 63 Pac. 663; *Whitney* v. *Board of Delegates of San Francisco Fire Dept.,* 14 Cal. 479; *Stone* v. *Miller,* 60 Iowa, 243, 14 N. W. 781; *Los Angeles* v. *Young,* 118 Cal. 295, 62 Am. St. Rep. 234, 50 Pac. 534; *Stevenson* v. *McDonald,* 77 Ark. 208, 91 S. W. 300; *Blodgett* v. *McVey,* 131 Iowa, 552, 108 N. W. 239; *Tibbs* v. *Atlanta,* 125 Ga. 18, 53 S. E. 811.)

*Mr. J. V. Dwyer, Mr. John A. Groeneveld* and *Mr. N. A. Rotering,* for Respondents, submitted a brief; *Mr. John T. Andrew,* of Counsel, argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

Until his removal as hereinafter mentioned, John F. O'Brien was a police captain of the city of Butte. An accusation was filed against him under the Metropolitan Police Law, which, upon his trial before the police board, was found to be proven, and as the result he was ordered by the mayor to be discharged from the force. He thereupon procured from the district court of Silver Bow county a writ of review, and the proceedings of the board being certified up to the district court, a motion to quash was interposed; the motion was granted and final judgment entered dismissing the proceedings, thus in effect upholding the action of the board and of the mayor. This appeal is from that judgment.

The theory of the appellant in instituting the proceedings in the court below was that the accusation before the board stated no charge upon which he was triable by the board, and the evidence taken to sustain the accusation was too unsubstantial to warrant his removal; hence there was no justification to make the order complained of. Whether, in view of the provisions of section 3308, Revised Codes, this theory is sufficient to justify the use of the writ of review we need not determine, because no question is raised upon the method pursued and because we are

compelled to say that there was a sufficient accusation and sufficient evidence to justify the result.

1. The accusation charges (a) that O'Brien falsely stated **[1]** to the board upon his examination for a position on the police force that he had never been convicted of a crime, whereas he had prior thereto been convicted of petit larceny; (b) that he had failed for over three years after his appointment to file an official bond as required by law and the ordinances of the city of Butte; (c) that on June 5, 1913, contrary to law he purchased a warrant of the city of Butte issued to J. J. Barry, and on April 16, 1915, collected the face thereof with accrued interest; (d) that in June, 1915, he publicly associated with a drunken woman and asked the proprietor of a lodging-house in Butte to violate a city ordinance by lodging said woman there without registering; (e) that from lack of ability, judgment, courage and addiction to intoxicants he is not, and never was, competent to properly discharge the duties of a police officer. **[2]** It may be that, tested by the rigid rules of criminal procedure, this accusation would be found defective; but it is not to be so tested (*Bailey* v. *Examining & Trial Board of Police Dept.*, 45 Mont. 197, 122 Pac. 572). In every such proceeding the ultimate inquiry is the fitness of the accused to hold his position, and such inquiry is raised by the specific questions whether he is incompetent or has been guilty of neglect of duty or misconduct in office or conduct unbecoming an officer (sec. 3309, Rev. Codes). That the accusation is sufficient on its face to present these questions is clear; and its sufficiency in that respect cannot be defeated by the fact that some of the specifications, considered as a basis for criminal prosecution, may be barred by the statute of limitations.

2. Out of the five specifications, three stand undisputed. The **[3]** appellant confessedly did declare upon his application that he had never been convicted of crime, when the truth was that he had pleaded guilty of petit larceny and suffered a judgment of fine therefor. It is not for us to say that, upon the evidence disclosed, this could have been regarded as a peccadillo; the

fact is established and its quality as well as its consequences were for the board. So, too, it is unquestioned that he had for over three years failed and neglected to file his official bond, thus displaying, if the board so chose to regard his action, a neglect of duty and an indifference to the provisions of the law in that behalf. Finally, he did purchase and realize upon the city [4] warrant referred to in the charge, and this, because it is a crime punishable by disqualification from holding office (Rev. Codes, secs. 371, 8182), is a manifestation almost conclusive of that negligence and indifference to official propriety which the examining and trial board was in duty bound to notice. The contention is made that O'Brien was not an officer within the meaning of these sections and that the circumstances of his act removed it from any purpose which the sections were intended to serve; but neither position is tenable. O'Brien was an officer (*State ex rel. Quintin* v. *Edwards,* 38 Mont. 250, 99 Pac. 940; *Peterson* v. *City of Butte,* 44 Mont. 401, 409, Ann. Cas. 1913B, 538, 120 Pac. 483) ; and application of the sections cannot be avoided by any plea of accommodation to a brother officer, particularly where the accommodator did not disdain to accept the interest accrued when the warrant was collected.

Of the other specifications we say nothing because the record affords room for divergence of opinion. We should hesitate to impute immorality or cowardice to Mr. O'Brien upon what is before us; but there is nothing to show that the board did so, and as the evidence suffices in other respects, we think the district court was correct in its refusal to interfere. The judgment appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.