STATE EX REL. GRIFFITHS, APPELLANT, *v.* MAYOR OF CITY OF BUTTE ET AL., RESPONDENTS.

(No. 4,100.)

(Submitted February 26, 1920. Decided March 14, 1920.)

[188 Pac. 367.]

*Cities and Towns—Fire Department — Council—Removal of Chief—Charges—Sufficiency—Certiorari—Scope of Writ.*

Cities and Towns—Council—Removal of Chief of Fire Department—Charges
—Sufficiency.
    1.   In proceedings before a city council for the removal of the chief of the fire department, the charges need not be stated with the technical accuracy required in a complaint filed in court.

Same.

    2.  Charges that the chief of a fire department did not respond promptly to fire-alarms, did not know the location of fire hydrants, was incompetent to direct the fighting of fire, failed to tear down certain buildings as required by state fire marshal, *etc.*, *held* sufficiently definite and certain to advise the accused of the nature of the charges against him and to enable him to prepare his defense.

*Certiorari*—Scope of Writ.

    3.  The writ of review cannot be used to correct errors committed in the exercise of jurisdiction.

Same—City Council—Removal of Fire Chief—Extent of Review of Order of Removal.

    4.  On *certiorari* to review an order of the city council removing its chief of the fire department, the court may ascertain whether the charges against accused were or were not supported by the evidence, but cannot determine its preponderance.

Same—Removal of Fire Chief—Evidence—Sufficiency.

    5.  Evidence reviewed and *held* on *certiorari*, to substantially support the charges referred to in paragraph 2 above.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

*Certiorari* by the State, on the relation of Morgan Griffiths, against the Mayor of the City of Butte and others, to set aside an order of the council removing relator from the office of Chief of the Fire Department. From a judgment affirming the order of the council, relator appeals. Affirmed.

*Mr. W. E. Carroll,* for Appellant, submitted a brief; *Mr. Frank Walker* and *Mr. C. S. Wagner,* of Counsel, argued the cause orally.

We submit that this court has the right to review the evidence and ascertain if there is any substantial evidence to legally warrant the decision below. (*Gilbert* v. *Board of Police, etc.,* 11 Utah, 378, 40 Pac. 264; 6 Cyc. 827.) When the decision below has no evidence to support it, the question then becomes one of law, not of fact. (3 Cyc. 348, 351, 358, 360, 362.) Where a material fact is unsupported, or is contrary to all the substantial evidence, such finding may be in itself an error of law; but the court will not review to determine the preponderance of the evidence. (*Somers* v. *Wescoat,* 66 N. J. L. 551, 49 Atl. 462; *Kidder* v. *Townsend,* 3 Johns. (N. Y.) 435.) Appellant

57 Mont.—24

is aware of the usual rule that on appeal in *certiorari*, the conclusion of the trial court will not ordinarily be disturbed if in any reasonable view of the evidence its.finding is supported, but if the finding is not supported by any evidence, it will be set aside. . (*International Harvester Co.* v. *Industrial Com.*, 157 Wis. 167, Ann. Cas. 1916B, 330.)

*Mr. R. L. Clinton, Mr. C. F. Juttner* and *Mr. N. A. Rotering*, for Respondents, submitted a brief; *Mr. Clinton* and *Mr. Rotering* argued the cause orally.

Citing: *Bolger* v. *Common Council of Detroit*, 153 Mich. 540, 117 N. W. 171; *Dunn* v. *City of Taunton*, 200 Mass. 252, 86 N. E. 313; *Sullivan* v. *Martin*, 81 Conn. 585, 71 Atl. 783; *State* v. *Henderson*, 145 Iowa, 657, Ann. Cas. 1912A, 1286, 124 N. W. 767; *Commonwealth* v. *Egan*, 234 Pa. St. 24, 82 Atl. 1098; *Skeen* v. *Paine*, 32 Utah, 295, 90 Pac. 440; *People* v. *Coler*, 10 App. Div. 65, 57 N. Y. Supp. 636; affirmed 159 N. Y. 569, 54 N. E. 1094; *Commonwealth* v. *City of Philadelphia*, 232 Pa. 5, 81 Atl. 59; *Duffy* v. *Cooke*, 239 Pa. St. 427, Ann. Cas. 1915A, 550, 86 Atl. 1076; *Ryan* v. *Handley*, 43 Wash. 232, 86 Pac. 398.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On September 10, 1915, written and verified charges were presented to the city council of Butte against relator, as chief of the fire department, an answer was filed and a hearing had at the next regular meeting of the council, and by a majority vote of all of the members an order was made and entered removing him from his official position. Relator thereupon sued out, in the district court of Silver Bow county, a writ of review, to which return was duly made, and a transcript of the testimony taken before the council was permitted to be filed with the court. On the hearing the court entered judgment affirming the order of the council.

1. Appellant contends that the pleading filed with the council was not sufficient, and that the court should have required [1] the council to cause the charges to be made more definite and certain. While the pleading may not have been as accurate in its statements or as artistically drawn as is desirable in a complaint filed in court, such technical accuracy is not required in proceedings had before a body of laymen. In an analogous case, this court said: "The only requirement of the statute is that the charge shall be reduced to writing (section 3309, Rev. Codes); and if in substance it makes out any one of the triable offenses mentioned, it is sufficient. And even in determining this question the courts will apply the most liberal rules of construction, and necessarily so. The members of the police trial board are not required to be learned in the law of pleading and practice; in fact, many board members are laymen, entirely unfamiliar with court procedure. Neither is it demanded nor contemplated that the person preferring charges against a policeman shall specify the details of the charge, give a particular designation to the offense, or employ an attorney to draft the complaint. To insist upon strictness in construing a written charge of this character would defeat the purpose of the law and render members of the police force immune from discipline." (*Bailey* v. *Examining and Trial Board,* 45 Mont. 197, 199, 122 Pac. 572, 573.)

Testing the written charges by the above rule, it will be sufficient to merely note the nature of the charges made, among which [2] we find the allegations: First, that Morgan Griffiths was appointed in an irregular manner, setting out the manner of his appointment at length, and alleging that he therefore is usurping the office without legal or valid appointment; second, that on the occasion of the McGowan fire relator did not respond for from ten to twenty minutes after a reasonably competent fire chief would have been on the ground, describing the manner in which he arrived, and that, on his arrival, he did not know the location of fire hydrants, and lost at least five minutes searching for a hydrant, it being alleged that not knowing the location

of fire hydrants is a violation of the rules and regulations; that he directed, or permitted the water to be directed, on the fire in such a manner as to drive the flames against an adjoining building, when there was an open space of several hundred feet on the opposite side of the burning building; third, that he persisted in keeping at the Caledonia Street fire station a horse unfit to work, which was removed only after repeated complaints by citizens; fourth, that relator was incompetent to direct the fire department when at work, is not a fire fighter, and is afraid to enter burning buildings, does not know how to direct a force fighting fire, and does not know how, nor cares, to protect men while fighting fire; fifth, that he made no rules or regulations governing the men, and no rules as to the territory to be covered by them; and, sixth, that, though ordered by the state fire marshal so to do, failed and neglected to tear down and destroy certain buildings and structures which were a fire menace.

The foregoing examples will serve to disclose the fact that the written charges as filed were adequate, as a pleading, and were sufficiently definite and certain to advise relator of the nature of the charges against him and to enable him to prepare his defense.

2. Appellant contends that "the evidence failed of any proof of any facts attempted to be alleged." This contention raises the question as to how far the court, on a writ of review, can go into an examination of the evidence received by the inferior tribunal, board, or officer.

Section 7209, Revised Codes, provides that—"The review upon this writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer."

The writ cannot be used to correct errors committed in the [3] exercise of jurisdiction. (*State ex rel. King* v. *District Court,* 24 Mont. 494, 498, 62 Pac. 820.)

Under section 3328, Revised Codes, charges may be preferred against a fire chief or other member of the fire department, and "if such charges are found proven by the council, the council

[4] by a vote of a majority of the whole council, may impose such penalty as it shall determine the offense warrants, * * * " including removal from the fire department. There is no appeal provided for from the order of the council.

"Where the power of a municipal body to remove from office is not discretionary, but only for cause, after notice and hearing, the proceedings are judicial in their nature and may be reviewed on *certiorari* [the writ of review]. On such review, the court will inspect the record to see whether the body had jurisdiction and kept within it, and whether the charges were sufficient in law, and will examine the evidence, not for the purpose of weighing it, but to ascertain whether it furnishes any legal and substantial basis for the removal." (28 Cyc. 442; *In re Carter,* 141 Cal. 316, 74 Pac. 997; *Carter* v. *Durango,* 16 Colo. 534, 25 Am. St. Rep. 294, 27 Pac. 1057; *State* v. *Duluth,* 53 Minn. 238, 39 Am. St. Rep. 595, 55 N. W. 118; *People* v. *Nichols,* 79 N. Y. 582; *Hayden* v. *Memphis,* 100 Tenn. 582, 47 S. W. 182; *State ex rel. Wynne* v. *Examining and Trial Board,* 43 Mont. 389, Ann. Cas. 1912C, 143, 117 Pac. 77.)

If the charges are unsupported by the evidence, or the findings are contrary to all the substantial evidence, or where the decision below has no evidence to support it, the question then becomes one of law, and the evidence may be reviewed to determine if such is the fact, but the court cannot review the evidence to determine the preponderance thereof. (3 Cyc. 348–362; *Somers* v. *Wescoat,* 66 N. J. L. 551, 49 Atl. 462; *Kidder* v. *Townsend,* 3 Johns. (N. Y.) 435.)

A careful examination of the record discloses that all the proceedings of the council were regular and in conformity with the provisions of the statutes on the subject; the council had jurisdiction and kept within it.

In order to determine the question concerning the evidence, it would be well to first ascertain what are some of the duties [5] of a chief of the fire department.

Section 3331, Revised Codes, provides that "the chief of the fire department shall have sole command and control over all

persons connected with the fire department,   *  *  *   and shall possess full power and authority over its organization, government and discipline;   *  *  *   he shall have charge of and be responsible for the engines and other apparatus,   *  *  *   and see that they are at all times ready for use in the extinguishing of fires." This statute is supplemented, in the city of Butte, by ordinance which reads, in part as follows: "It is the duty of the fire chief to, at least once a month,   *  *  *   carefully examine into the condition of all the buildings, engines, animals, and apparatus used in the fire department, and see that the same is at all times in good repair and condition, and to report to the city council any defect or injury to the same,   *  *  *   and shall, with the consent of the mayor, cause all necessary repairs to be made without delay.   *  *  *   The chief of the fire department, or any assistant chief acting in his place, shall have entire command and control and direction of all members of the fire department and over other persons who may be present at fires. The members of the fire department, under the direction of the fire chief of the fire department, or assistant chiefs of the fire department, shall, upon every alarm of fire, repair with the utmost dispatch to the place of the fire   *  *  *   and there work under the direction of the chief of the fire department or his assistants, in the most effective manner until the fire is extinguished.   *  *  *   " He "may from time to time establish such rules and regulations as he may deem advisable."

Bearing in mind, then, the duties imposed upon the chief or head of a fire department, and, from the necessity of adequate fire protection in a city such as Butte, the importance of proper and adequate regulations, orders, and directions to the men under him, and of the inspection of the equipment for fighting fire, and the prompt repair or replacement of that not in perfect condition, we come to the consideration of the evidence introduced. We find that there is evidence, with reference to the McGowan fire—not the statements of the McGowans alone, but of disinterested witnesses—that ten to twenty minutes elapsed before the arrival of the chief and the department; that the chief drove past,

and had to return around on another street; that five minutes more were lost in an attempt to locate the fire hydrant, and that, when the water was turned on, the chief permitted it to be directed in such a manner as to drive the flames toward a building a few feet away, whereas there was no building within several hundred feet in the opposite direction. We find the evidence of firemen that the chief never took command and directed their activities; that at a fire in the Owsley Block a fireman had to push the chief out of the doorway in order to enter with the chemical apparatus. We find evidence in the record that a fire horse, fifteen to nineteen years old, had been relegated to the street department, but was, at the direction of the relator, taken to a fire station, and, though thin, lame and in such condition that he had to be dragged from his stall, was kept there for some time, over the protest of firemen and citizens. We find the statement that the chief never entered burning buildings; that, though dissensions and quarrels were frequent, the chief made no attempt to maintain discipline. It appears that a certain populous district had been added to the city limits shortly after the appointment of relator, in April, and at the date of the hearing he had made no provision for fire protection therein. These are but samples from several hundred pages of testimony; whether supported by a preponderance of the evidence or not, it is substantial evidence of the charges made, and, as the court said in *Bolger* v. *Detroit,* 153 Mich. 540, 117 N. W. 171: "With the strength or weakness of the case  *  *  *  we have nothing to do; our inquiry is limited to ascertaining whether there was any competent evidence, however weak, tending to sustain the findings of the common council," and this was the extent of the examination permitted to the lower court in this proceeding.

We find no substantial error in the record. The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, HURLY and COOPER concur.